**In the Matter of the Worker's Compensation Claim of Carl HERRING, Appellant (Plaintiff),**

v.

**WELLTECH, INC., Appellee (Defendant).**

**No. 5768.**

Supreme Court of Wyoming.

March 16, 1983.

---

Steven M. Avery of White, Avery & Spurrier, Riverton, signed the brief and appeared in oral argument on behalf of appellant.

John R. Vincent of Hettinger & Leedy, P.C., Riverton, signed the brief and appeared in oral argument on behalf of appellee.

Before ROONEY, C.J.*, and RAPER, THOMAS, ROSE ** and BROWN, JJ.

ROONEY, Chief Justice.

Appellant was an employee of appellee. Appellant appeals from an order of the district court denying his petition to reopen a worker's compensation case which had been closed for failure on his part to file an answer to appellee's denial of his claim.

We reverse and remand.

Following is a pertinent chronology:

12/1/81—Appellant slipped while going from pickup to appellee's shop and hit head on handrail. Treated and released from emergency room at hospital.

12/4/81—Clerk of court received $32.00 claim from hospital for such treatment. Clerk of court paid claim with file notation that appellee telephonically approved.

12/7/81—Clerk of court sent "consent card" [1] form to appellee.

12/16/81—Notation was placed in file that appellee called and that "apparently employee told doctor it should go on company insurance and they took it to mean WC [worker's compensation] rather than group carrier." Clerk of court sent letter to appellant advising him that appellee informed her that the charges were to be against insurance carrier rather than worker's compensation, and "[i]f you do not agree with the above, you have 10 days in which to file a claim for Worker's Compensation benefits."

1/12/82—Appellee returned this "consent card" marked disapproved and "accident was not work related."

1/27/82—Appellant filed employee's report and claim with notation that he had not received the letter from the clerk of court dated December 17, 1981, until January 25, 1982. File contained notation that clerk of court had telephonically advised appellee that appellant had filed a claim and that appellee advised that it would file an accident report and "withdraw denial."

2/3/82—Appellee filed employer's report of injury in which it stated that the accident arose out of employment. Appellee did not answer the question as to whether or not the accident was due solely to the culpable negligence of appellant.

3/12/82—Appellee returned "consent card" which referred to the $32.00 claim marked approved. Claim was filed by Dr. Nastasi for x-rays of appellant taken on March 5, 1982 in the amount of $186.00.

3/16/82—Appellant filed a claim for total disability for period December 15, 1981, to March 15, 1982, in amount of

*Became Chief Justice on January 1, 1983.

** Chief Justice at time of oral argument.

1. A consent card is a 3 × 5 multicopy card giving notice to the employer of the filing of a claim and requesting the employer to return one of the copies of the card marked either "approved" or "disapproved" and, if disapproved, to state the reason for disapproval. The card contains the following:

"Important to Employer

" * * * You must indicate approval or disapproval on attached addressed postcard and mail it within 10 days after receipt of this notice, or you will be conclusively presumed to have waived your right to a hearing on the claim." See § 27–12–607, W.S.1977.

$5,403.18. "Consent card" sent by clerk of court to appellee for the claim.

3/22/82—Appellee returned "consent cards" re Dr. Nastasi's claim and re total disability claim marked disapproved.

3/25/82—Appellee filed Petition Protesting Benefits and Statement of Reasons for Objection to Claim.

3/26/82—Clerk of court sent appellant a letter enclosing copy of appellee's denial of claim and advising him that he must file an answer within ten days and if he did not do so, the claim would be dismissed.

3/30/82—Appellant filed form for transfer of case to Natrona County.

4/5/82—Appellee disapproved transfer of case to Natrona County; the clerk of court advised appellant that if he wished the matter to be "resolved through court hearing," he could request one; and the clerk of court advised appellant that his answer to the petition requesting benefits and his request for a hearing on the question of transfer of the case to Natrona County "must be filed * * * no later than April 10, 1982" or the case would be closed.

4/13/82—Clerk of court noted in file that appellant had not filed an answer and that "this case is closed." Copies of notation were sent to appellant and appellee.

4/27/82—Appellant filed his answer to petition.

5/17/82—Court ordered that appellant's answer be filed in "this closed case" and that no further action be taken in the matter inasmuch as the case was closed for failure of appellant to answer appellee's denial of the claim or request a hearing herein within the allotted ten days.

7/26/82—Appellant filed petition to reopen the case.

8/4/82—By order, the court denied the petition to reopen. This appeal is from such order.

Section 27–12–502(a), W.S.1977, provides in pertinent part:

"If an employee is injured he shall make a report of the occurrence and general notice of the injury to the employer within twenty-four (24) hours after the injury became apparent, and to the clerk of court within twenty (20) days thereafter, and file the report in the office of the clerk of court of the county in which the accident occurred. * * * "

Section 27–12–506(a), W.S.1977, provides in pertinent part:

"When an injury is suffered by any employee, the employer must file a report * * * with the clerk of court in the county in which the injury occurred within ten (10) days after the date on which the employer is notified of the injury. * * * "

Section 27–12–604, W.S.1977, provides in pertinent part:

"(a) If the employer in his report of the injury alleges that the injury was due solely to the culpable negligence of the injured employee, or that the claim for compensation is one not coming within the provisions of this act [§§ 27–12–101 to 27–12–804], then a jury may be demanded by either party and the cause tried as a court proceeding. * * *

"(b) In contested cases the contestant shall file a petition within ten (10) days following notice to the employee that the employer's report has been filed, stating the reasons for protesting the award and facts upon which the contestant relies * * *. The other party shall file an answer within ten (10) days after filing of the petition. If the contestant's statement is not filed within ten (10) days the court may dismiss this objection and if the answer is not filed within ten (10) days the court may dismiss the claim."

■ The court dismissed the claim in this case for failure of appellant to file an answer to the objection of appellee within ten days as required by § 27–12–604(b), W.S. 1977. The objection was filed March 25, 1982, and the answer was filed April 27, 1982. However, many of the other filing

deadlines were not met in this case. Appellee failed to return the "consent card" within ten days after receipt of it. The card was mailed December 7, 1981, and appellee telephoned in response on December 16, 1981, but the card was not returned until January 12, 1982. Appellant failed to file a report of the accident with the clerk of court within twenty days after the accident as required by § 27–12–502(a), W.S.1977. The accident was on December 1, 1981, and appellant's report was filed January 27, 1982. Appellee failed to file a report of the accident within ten days after being notified of the accident as required by § 27–12–506(a), W.S.1977. Appellee was notified on December 7, 1981, and his report was filed on February 3, 1982. It is noted that there were some telephonic communications between the parties and the clerk of court but that does not satisfy a statutory requirement for "filing." Appellee failed to file his petition protesting the award within ten days following notice to the employee that the employer's report had been filed as required by § 27–12–604(b), W.S.1977. Such report was filed February 3, 1982, and the petition was filed March 25, 1982.

■ In construing a statute, words must be given their plain and ordinary meaning. *Jahn v. Burns,* Wyo., 593 P.2d 828 (1979); and *Belco Petroleum Corporation v. State Board of Equalization,* Wyo., 587 P.2d 204 (1978). The result in this case becomes obvious when the plain words of the statute are applied to the facts of the case.

It could be said that the first failure to timely meet the procedural deadlines was appellee's failure to return the "consent card" within ten days, and that such failure resulted in a conclusive presumption that appellee waived its right to a hearing on the claim—as was recited on the card. See fn. 1, supra.

■ It could also be said that failure to meet the other deadlines precluded the respective parties from the relief claimed by each of them. However, we need not rest our determination on this time factor. When appellee filed the required report of the accident, it acknowledged that the accident was "due to employment." Appellee also returned a "consent card" on which it approved a claim for $32.00. The report is an essential and required part of the record used in processing a worker's compensation claim. It is true that at the time the report and the approval was indicated on the "consent card" the only filed claim was $32.00 for emergency room treatment. Dr. Nastasi's claim for $186.00 and the disability claim for $5,403.18 were submitted at a subsequent time. But the amount of the claim is not a factor in determination of whether or not the accident occurred during the course of employment. Once a claim is established as having occurred within the course of employment and not due to the culpable negligence of the employee—(the latter qualification is not here in question), these two factors cannot be challenged in conjunction with other claims arising out of the same incident, unless relief is granted under Rule 60(b), W.R.C.P., or § 27–12–606, W.S.1977; see fns. 2, 3, and 4, infra.

Appellee's acknowledgment that the accident arose out of employment took the issue out of a contested status and the status would not be changed at a later date by filing a petition which contested the claim on the basis that it did not arise out of such employment. It would become almost impossible to properly administer the Worker's Compensation Act if the employers were permitted to change their decisions in such a manner after money was paid out on the basis of an acknowledgment of the worker's compensation coverage by the employer and after other administrative proceedings were accomplished on the basis of the employer's original acceptance, in the absence of the availability of relief under Rule 60(b), W.R.C.P., and § 27–12–606, W.S.1977; see fns. 2, 3, and 4, infra.

■ We need not here apply the accepted standard for construction of worker's compensation law, i.e. liberal construction to protect the employee for casualties and injuries resulting from extra-hazardous employment. *In Re Jensen,* 63 Wyo. 88, 178 P.2d 897 (1947); and *Pease v. Pacific Power & Light Company,* Wyo., 453 P.2d 887

(1969). Under any construction, liberal or otherwise, an acknowledgment by the employer that the employee received an injury in the scope of employment and an approval by the employer to pay a presented claim for an injury resulting from an accident prevents the issue from being a contested one at a later date. We know from the language of § 27–12–607, W.S.1977, that the employer must be advised of each award of compensation or allowance of any expense claim and he is given the opportunity to object. His objection results in the hearing which is provided for in § 27–12–602(a), W.S.1977. It thus appears that each award of compensation or claim is treated as a separate matter so far as the right to a hearing is concerned, and indeed analysis of the facts in *Black Watch Farms v. Baldwin*, Wyo., 474 P.2d 297 (1970), confirms this court's acceptance of the proposition. It follows that the employer is entitled to dispute any award or claim on the basis that it is unreasonable or improper, and certainly can raise the question as to whether the award or claim is causally related to the industrial accident which occurred or whether it may be attributable to some other event. Once the accident is acknowledged to have occurred in the course of employment and not to have been due to the culpable negligence of the employee, the employer is estopped from taking a contrary position at a later date and after some claims have been paid[2], excepting only the right of the employer to seek relief under § 27–12–606, W.S.1977[3], in accordance with the bases for relief recognized in that statute.

█ Appellee is here estopped from contesting the issue relative to scope of employment, as attempted in its petition protesting benefits. It had waived the right to do so. It once had the right to question the scope of employment status of appellant. It knew that it had that right. And the record is positive in reflecting its intent to relinquish that right. These are the requisite elements of a waiver or estoppel. *Ramirez v. Metropolitan Life Insurance Company*, Wyo., 580 P.2d 1136, 1138 (1978); and *Matter of Estate of Boyd*, Wyo., 606 P.2d 1243, 1246 (1980).

Although appellee was foreclosed from contesting the issue relative to the "course of employment" as here attempted by it, it did return two consent cards on which it disapproved a claim for a medical examination, x-rays and interpretation of x-rays which had been filed, and also the claim of appellant for temporary total disability. In such an instance, the statute is clear. Section 27–12–602(a) reads:

"(a) If there is a dispute as to the right of the employee or his dependents to receive compensation, *or as to amount of compensation, the judge shall set the case for hearing at the earliest possible date* and direct notice of the hearing to be issued by the clerk of the court for service upon the employer, the employee and the director at least seven (7) days before the date fixed for the hearing. Notice shall be served by the sheriff of the county without expense to either party except actual traveling expenses which shall be allowed and taxed as costs. * * * " (Emphasis added.)

No such hearing was set in this case, and in failing to do so the trial court disregarded a statutory duty. Instead, the clerk of the court sent a locally prepared form letter to

**2.** Rule 60(b), W.R.C.P., relief is available to the employer with reference to the issue of scope of employment if mistake, inadvertence, etc., is present. See fn. 4, infra. Section 27–12–512, W.S.1977, makes it a misdemeanor for an employee *to make a misrepresentation or false statement for the purpose of receiving compensation under the act.*

**3.** Section 27–12–606 provides:
"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 to 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

appellant advising him of the denial of his claim, asserting that he must file an answer within ten days of the notice, and that he must also file a written request for a court hearing. The letter also advised him that his failure to respond within ten days would result in the dismissal of his claim, and ultimately that dismissal did occur. Such procedure sufficiently departs from the statutory requirements that it appropriately can be described as clearly erroneous. The statutes relating to worker's compensation do not disclose any such authority on the part of the clerk of the district court.

■ On March 30, 1982, appellant filed an authorization form with the clerk of the Fremont County district court for transfer of the compensation file to the clerk of court of Natrona County. It was treated as a request pursuant to § 27–12–601(b), W.S. 1977. Appellee was notified of the request, and it made a timely objection thereto. Again, the statutory language is clear. Section 27–12–601(b) provides in pertinent part:

"(b) At any time after the employee files his claim, he may request that the case and entire file be transferred to the district court of the county in which he resides. * * * * *If an objection is filed within ten (10) days after notice, the judge shall set the request for transfer for hearing at the earliest possible date,* and notice of the time of the hearing shall be mailed to both parties at the addresses shown upon the claim and employer's report at least seven (7) days before the date fixed for the hearing. * * * *" (Emphasis added.)

No such hearing was set. No notice of hearing was sent. Instead, eight days after the disapproval by the employer, the clerk made a notation upon the form previously mailed to the employee that the case was closed.

The court's order of May 17, 1982, ratified the unlawful and erroneous acts of the

clerk in closing this case and confirmed the denial of the claim without holding two mandatory hearings provided by the statute. The error was additionally compounded when the court denied appellant's petition to reopen the case and reiterated its position that the case was closed.

■ It is provided in pertinent part in § 27–12–607, W.S.1977, that:

" * * * Except as otherwise provided, the Wyoming Rules of Civil Procedure shall govern in matters before the courts of this state in reference to this act. [Wyoming Worker's Compensation Act]. * * * *" (Bracketed material added.)

On the authority of this statutory reference, appellant's petition to reopen can be treated as a motion brought pursuant to Rule 60(b), W.R.C.P., under the first, fourth, and sixth grounds for such a motion specified in the rule.[4] Although our authority to review upon appeal from an order denying such a motion is limited to the abuse of discretion (*Gifford v. Casper Neon Sign Co., Inc.,* Wyo., 639 P.2d 1385 (1982); *McBride v. McBride,* Wyo., 598 P.2d 814 (1979); *Atkins v. Household Finance Corporation of Casper, Wyoming,* Wyo., 581 P.2d 193 (1978); and *Turnbough v. Campbell County Memorial Hospital,* Wyo., 499 P.2d 595 (1972)), discretion was abused in this matter by failing to grant the relief requested. The clerk's disregard of the statutory requirements was surprising, in the least, to the appellant and manifested mistake and inadvertence. Appellant's failure to respond to an unlawful command certainly is excusable neglect. Since the order confirming the closing of the file was in violation of the statutory requirements with respect to holding of two hearings, the judgment can properly be categorized as void. In any event, the totality of the circumstances certainly justifies relief from the closing of this file.

---

4. Rule 60(b), W.R.C.P., provides in pertinent part:

"On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order,

or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (4) the judgment is void; * * * (6) any other reason justifying relief from the operation of the judgment. * * * *"

Reversed and remanded with instructions that the case be reopened and set for hearing on appellant's request to transfer the case to the district court for Natrona County. Thereafter, the appropriate court shall set the case for hearing on the propriety of the claim filed by Dr. Nastasi on March 12, 1982, and on the propriety of the claim for total disability filed by appellant on March 16, 1982. The question as to whether or not the accident occurred during the scope of employment cannot be further contested in view of appellee's acknowledgment that it did.

ROSE, J., concurred in the result only.