In the Matter of the Worker's Compensation Case of:

Michael A. ERHART, Appellant (Employee/Petitioner),

v.

FLINT ENGINEERING & CONSTRUCTION, Appellee (Employer/Respondent),

and

State of Wyoming ex rel., Wyoming Workers' Compensation Division, Appellee (Objector/Respondent).

No. 96–224.

Supreme Court of Wyoming.

May 19, 1997.

Robert A. Nicholas of Hettinger & Leedy, Riverton, for Appellant.

Catherine MacPherson of MacPherson Law Offices, LLC, Rawlins, for Appellee Flint Engineering & Construction.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, for Appellee State ex rel. Wyoming Workers' Compensation Division.

Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and DONNELL, District Judge.

DONNELL, District Judge.

The debate in this case is whether a claimant, who was denied worker's compensation benefits and failed to appeal the adverse decision in the manner provided in the *Rules*

*for Contested Case Practice and Procedure Before the Office of Administrative Hearings,* can reopen his case under Wyo. Stat. § 27–14–605(a) (1991) or W.R.C.P. 60(b). Michael A. Erhart (Erhart) filed a claim in Wyoming for worker's compensation benefits for a work-related injury. The hearing examiner ultimately determined Erhart's injury occurred in Colorado in August of 1992, and denied benefits. Erhart also filed a claim for worker's compensation benefits for his work-related injury in Colorado. The Colorado hearing examiner ultimately determined Erhart failed to prove that his back condition was the natural and proximate result of the injury in August of 1992, and also denied benefits. Erhart then filed a Motion to Re-Open Workers' Compensation Claim with Wyoming's Office of Administrative Hearings. This motion was denied. The appeal to the district court resulted in an order affirming the denial. We reverse and remand for a determination by the Office of Administrative Hearings as to whether Erhart sustained a work-related injury in Wyoming while an employee of Flint Engineering & Construction (Flint).

## I. ISSUES

Erhart states the issue as follows:

1. Is Mr. Erhart entitled to re-open his workers' compensation claim pursuant to W.S. § 27–14–605 or W.R.C.P., Rule 60?

Flint sets forth these issues:

A. Under *State ex rel., Worker's Compensation Division v. Jerding,* 868 P.2d 244 (Wyo.1994), Rule 60(b), W.R.C.P., is not available to a Wyoming worker's compensation claimant to "reopen" or obtain relief from a final order which denied benefits.

B. A Wyoming worker's compensation claimant is not entitled to "reopen" his claim under W.S. § 27–14–605(a) (1977 Repub. Ed.) when there has been no determination in favor of or in behalf of the employee for any benefits under the *Wyoming Worker's Compensation Act.*

C. W.S. § 27–14–605(a) (1977 Repub. Ed.) does not violate equal protection

under the *Wyoming Constitution* or *Fourteenth Amendment to the United States Constitution.*

Finally, State ex rel. Wyoming Workers' Compensation Division (Division) states three issues:

A. Whether Wyo. Stat. § 27–14–605 applies only when an injured employee has been awarded workers' compensation benefits and whether it provides the exclusive means for modification of an administrative determination of a claim for workers' compensation benefits.

B. If Rule 60(b) of the Wyoming Rules of Civil Procedure does apply to workers' compensation administrative determinations, whether Rule 60(b) will afford relief upon the ground that the moving party's expert witness provided inconsistent testimony in separate administrative hearings.

C. Whether Wyo. Stat. § 27–14–605, if it permits a modification of an administrative determination only when workers' compensation benefits have been awarded, violates an unsuccessful claimant's constitutional right to equal protection of the laws.

## II. FACTS

In August of 1992, Erhart, an employee of Flint, injured his back while carrying oil field apparatus near Cheyenne Wells, Colorado. He did not consult a physician, report the injury to Flint or file a worker's compensation claim in Colorado for that injury. On July 1, 1993, while moving a three-inch pipe at a field south of Meeteetse, Wyoming, Erhart sustained an injury when the pipe fell on him. He experienced some tingling sensation during that day. Over the holiday weekend, Erhart experienced a severe tingling sensation in his right leg. He subsequently sought medical attention from Dr. Charles McMahon, a neurologist in Lander, Wyoming. Erhart was advised that his physical symptoms might be related to his non-reported injury in Colorado the previous year. He initially filed a worker's compensation claim in Colorado and, shortly thereafter, filed a claim in Wyoming.

Flint requested Erhart undergo an evaluation by Dr. Michael W. Miller, a family practitioner in Lander. Dr. Miller was unable to identify within a reasonable degree of medical certainty the cause of Erhart's symptoms, but Dr. Miller was apparently not given information about the pipe which fell on Erhart in July of 1993.

Because Erhart's injury was not responsive to conservative treatment, Dr. McMahon referred Erhart to Dr. Maurice Smith, a surgeon in Billings, Montana, who ultimately performed surgery. In a letter to Dr. McMahon dated August 30, 1993, Dr. Smith stated:

> [T]here is no question but what this is an industrial injury related to the August 22, 1992, injury in which he had recurrent episodes of back pain which eventually led to the herniation causing the pain down his leg and led to the claudication. * * * [T]herefore, this should be covered under the workmen's compensation insurance.

Flint and the Division objected to Erhart's Wyoming claim, and a contested case hearing was held on January 7, 1994. The hearing examiner made it clear that Erhart had substantial contact with doctors over the years, and Erhart's credibility was not in question. Based on statements by Dr. McMahon and Dr. Smith, the hearing examiner concluded Erhart suffered a work-related injury on August 22, 1992 in Colorado. Notwithstanding the finding the injury occurred in Colorado, the hearing examiner awarded benefits. Flint and the Division filed a joint motion to reconsider, objecting because the injury occurred in Colorado and arguing that it should not be compensated by Wyoming. Following another hearing, benefits were denied because the injury was deemed to have occurred in Colorado.

Erhart also pursued his claim in Colorado. Findings issued by Colorado's hearing examiner stated that Dr. Miller had updated the Physician's Initial Report and indicated that Erhart's impairment was due to the injury occurring on July 1, 1993. The Colorado hearing examiner's findings stated that a doctor's note relating to Erhart's 1992 back injury indicated the pain was slightly higher than the current pain experienced by Erhart.

The Colorado hearing examiner's findings also referred to a subsequent letter from Dr. Smith, which stated:

> Certainly, if you fell down with the pipe falling on top of you with the back condition that you had, this may well have led to the difficulty. It has always been my * * * opinion, however, that it was probably the original injury in August 1992 that was responsible for the problem that has much persisted when you had your first back pain.

The Colorado hearing examiner's last finding stated that Erhart had been seen by Dr. J. Tashop Bernton at the request of Flint and that Dr. Bernton testified he did not believe Erhart suffered an injury on August 22, 1992. Dr. Bernton based his findings on the facts that Erhart did not seek medical care, did not suffer any impairment or work restrictions, continued to perform heavy work through July 1, 1993, and upon portions of the history provided by other physicians. The Colorado hearing examiner concluded that Erhart failed to establish, by a preponderance of the evidence, that his problems were causally related to the August 22, 1992 accident. He denied benefits and dismissed the claim.

Further pursuing this administrative shell game, Erhart returned to Wyoming and filed a Motion to Re–Open Workers' Compensation Claim in the Office of Administrative Hearings pursuant to W.R.C.P. 60(b). The motion was filed ten months after the initial decision in Wyoming. The hearing examiner denied the motion, stating it was not filed within the ten-day time limit as required by the *Rules for Contested Case Practice and Procedure Before the Office of Administrative Hearings*, ch. 3, § 6(c). He also ruled that W.R.C.P. 60(b) was no longer applicable to a proceeding to modify or terminate an award in a worker's compensation case as dictated by *State ex rel. Wyoming Workers' Compensation Div. v. Jerding*, 868 P.2d 244 (Wyo.1994). He concluded that the only way to reopen a case was to file a petition pursuant to Wyo. Stat. § 27–14–605(a) and that because a determination had not been made in favor of Erhart, no relief was available under this provision. Erhart's appeal to the

district court resulted in an order affirming the denial of the hearing examiner. Erhart appeals from the district court's order affirming the hearing examiner.

## III. STANDARD OF REVIEW

This court's review of administrative action or inaction is confined to the record and is limited by W.R.A.P. 12.09(a) to those matters specified in Wyo. Stat. § 16–3–114(c) (1990), which provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

■ We do not afford deference to the reviewing court's findings of fact or conclusions of law. Regarding agency determinations, we have said:

Unlike its findings of fact, however, an administrative agency's conclusions of law are afforded no special deference, and will be affirmed only if truly in accord with the law. *Matter of Cordova*, 882 P.2d 880, 882 (Wyo.1994). *See also* Wyo.Stat. § 16–3–114(c).

*Coleman v. State ex rel. Wyoming Workers' Compensation Div.*, 915 P.2d 595, 598 (Wyo. 1996).

## IV. ANALYSIS

All parties agree that a "determination" for benefits was never made in favor of or on behalf of Erhart, and Wyo. Stat. § 27–14–605(a) cannot apply. Erhart argues W.R.C.P. 60(b) is only superseded in cases involving a determination made "in favor of or on behalf of" an employee. Flint and the Division, relying on *Jerding*, 868 P.2d 244, contend Erhart is foreclosed from reopening his claim because W.R.C.P. 60 was declared to be superseded in its entirety by the specific legislation of Wyo. Stat. § 27–14–605. They argue the remedy provided by Wyo. Stat. § 27–14–605(a) is not available to Erhart because no determination was made in his favor or on his behalf.

■ The first issue to be confronted is whether the hearing examiner's conclusion that Erhart is precluded from reopening his case under Wyo. Stat. § 27–14–605(a) was in accordance with the law. Wyo. Stat. § 27–14–605(a) provides:

If a **determination is made in favor of or on behalf of an employee for any benefits** under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional medical and disability benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

(Emphasis added.)

To analyze this statute, we follow clear rules of statutory construction which we have recently reiterated as follows:

Our systematic approach to statutory interpretation was carefully articulated in *Parker Land & Cattle Co. v. Wyoming Game & Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993):

"[T]he intent [of the lawgiver] is the vital part, and the essence of the law * * *. Such intent, however, is that which is embodied and expressed in the statute * * * under construction. *Rasmussen v. Baker*, 7 Wyo. 117, 128, 50 P. 819, 821 (1897). * * * '[T]he initial step in arriving at a correct interpretation * * * is an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' *Rasmussen*, 7 Wyo. at 133, 50 P. at 823 * * *. A statute 'must be construed as a whole in order to ascertain its intent and general purpose and also the meaning of each part.' *Ross v. Trustees of University of Wyoming*, 31 Wyo. 464, 489, 228 P. 642, 651 (1924); *accord City of Laramie v. Facer*, 814 P.2d 268, 270 (Wyo.1991). '[W]e give effect to every word, clause and sentence and construe all components of a statute in pari materia.' *Facer*, 814 P.2d at 270 * * *."

*Griess v. Office of the Attorney General, Div. of Criminal Investigation*, 932 P.2d 734, 737 (Wyo.1997).

Wyo. Stat. § 27–14–605 addresses finality in worker's compensation cases in its opening clause and restricts the reopening of cases to those in which a "determination" has been "made in favor of or on behalf of an employee * * *." The fact that the language in this section only addresses cases in which a determination has been made shows the intent of the legislature that cases in which benefits are awarded are the only cases that can be reopened under this section. The ordinary and obvious meaning of the phrase "determination is made * * * on behalf of an employee" refers to claims such as those filed by dependents entitled to benefits under the Wyoming Worker's Compensation Act or claims filed on behalf of health care providers to be paid for services provided to an injured employee. Wyo. Stat. § 27–14–605(a).

■ This conclusion is bolstered by the words found in its statute of limitation "within four (4) years from the date of the last payment * * *." Wyo. Stat. § 27–14–605(a). Payments of benefits are made only when an employee has a determination made in his favor or in his behalf and the phrase "from the date of the last payment" cannot apply to claims that have been denied. Wyo. Stat. § 27–14–605(a). In addition, a basic tenet of statutory construction is, "that omission of words from a statute is considered to be an intentional act by the Legislature. This Court should not read words into a statute when the Legislature has chosen not to include them." *Eiselein v. K–Mart, Inc.,* 868 P.2d 893, 900 (Wyo.1994), Macy, J., specially concurring (*citing Carroll By and Through Miller v. Wyoming Production Credit Ass'n,* 755 P.2d 869, 872–73 (Wyo.1988)). Absence of language regarding parties in cases in which benefits have been denied shows the intent of the legislature that unsuccessful parties cannot reopen cases under Wyo. Stat. § 27–14–605(a). When the statute is construed as a whole to ascertain its intent and general purpose and meaning of each part, as our rules of statutory construction require us to do, we find Erhart is foreclosed from reopening his claim under Wyo. Stat. § 27–14–605(a).

■ We proceed to determine whether an unsuccessful claimant can reopen his case under W.R.C.P. 60(b). Erhart argues the hearing examiner's holding that W.R.C.P. 60(b) is no longer applicable to modify or terminate an award in a worker's compensation case is unsound. Erhart contends that W.R.C.P. 60(b) is not superseded in all respects and that a motion can be made for any reason set forth in the rule which is not addressed in Wyo. Stat. § 27–14–605(a) such as neglect, inadvertence, surprise or newly discovered evidence if the motion is made within one year. If this is not so, Erhart states he has no legal remedy.

> Rule 60, W.R.C.P., is remedial and is to be liberally construed. As has been said, the express purpose of Rule 60(b) "is to provide the courts with the means of relieving a party from the oppression of a final judgment or order, on a proper showing" where such judgments are "unfairly" or "mistakenly" entered.

*Westring v. Cheyenne Nat. Bank,* 393 P.2d 119, 123–24 (Wyo.1964). W.R.C.P. 60(b) provides, in pertinent part:

> On motion, and **upon such terms as are just**, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * (5) the judgment has been satisfied * * * or it is **no longer equitable** that the judgment should have prospective application; or (6) **any other reason justifying relief from the operation of the judgment.** The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.

(Emphasis added.)

Flint and the Division argue that W.R.C.P. 60(b) is superseded in all respects by the specific legislation in Wyo. Stat. § 27–14–

605(a) and rely on *Jerding*, 868 P.2d at 249 for that proposition:

> Because an award of worker's compensation benefits is no longer a "judicial determination," we do not believe that, under the circumstances of this case, the modification or termination of such an award should be governed by the one-year statute of limitations contained in W.R.C.P. 60(b). The revised W.R.C.P. 60(b) recognizes that its terms may be superseded by specific legislation.

■ We agree with Flint and the Division that *"under the circumstances of [Jerding]"* the specific legislation of Wyo. Stat. § 27–14–605(a) superseded W.R.C.P. 60(b), but we distinguish *Jerding* from this case. Erhart neither enjoyed a determination in his favor nor received any benefits as the appellee did in *Jerding*. Even Flint and the Division argue such unsuccessful claimants are excluded from the express language of the statute, yet they would have this court read in another exclusion which simply is not there. We have determined that Wyo. Stat. § 27–14–605(a) is not available to Erhart and, because that provision has no application to unsuccessful applicants, it cannot supersede W.R.C.P. 60(b) in this case. In addition, the phrase "[t]he revised W.R.C.P. 60(b) recognizes that its terms *may be superseded* by specific legislation" does not mandate W.R.C.P. 60(b) be superseded in every instance. *Jerding*, 868 P.2d at 249 (emphasis added).

This finding is congruent with our decision in *Neal v. Caballo Rojo, Inc.*, 899 P.2d 56, 58 (Wyo.1995) where we addressed the issue of whether a summary judgment provided for in W.R.C.P. 56 is available in an administrative proceeding addressing issues under the Wyoming Worker's Compensation Act:

> It appears that the legislature expressly has conferred authority to invoke the Wyoming Rules of Civil Procedure, and the Rules For Contested Case Practice and Procedure Before the Office of Administrative Hearings (1993) (hereinafter

Rules For Contested Case Practice) now provide in Chapter I, Section 6, entitled "General Course of Contested Case Proceedings:"

> *"Unless otherwise provided by law,* proceedings before the Office are governed by the contested case provisions of the Wyoming Administrative Procedure Act and, *to the extent their application is not inconsistent with the particular administrative contested case proceeding, the Wyoming Rules of Civil Procedure and other court rules may be looked to for guidance."*

(Emphasis added and in original.)

With respect to unsuccessful claimants, once the ten-day time limit for appeal has passed, no provision of law except W.R.C.P. 60(b) exists to provide relief for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct, inequitable judgment or any other reason justifying relief from the judgment. In the absence of other provisions of law, W.R.C.P. 60(b) is applicable, and Erhart must be allowed leave to request his case be reopened. We reject the argument that *Jerding* requires W.R.C.P. 60(b) to be superseded by Wyo. Stat. § 27–14–605(a) under all circumstances.

This result is particularly appropriate given statements in oral argument, which were not denied, to the effect that a supervisor at Flint told Erhart to apply for worker's compensation benefits in Colorado so that the Wyoming work record would not be blemished and the employees could receive a bonus. This result is also appropriate given Flint argued in Wyoming that Erhart's accident occurred in Colorado and argued in Colorado that Erhart's accident occurred in Wyoming. While the issue of judicial estoppel has not been raised by the parties, the principles regarding inconsistent positions in judicial proceedings are ones of fairness and may well apply to worker's compensation determinations.[1] Applying these principles in this case estops Flint from arguing incon-

---

1. Regarding a claim filed under the Wyoming Governmental Claims Act, we said: "We acknowledge that this court does not look with favor upon a party's altering a position to suit the interests of his case. *See Gray v. Fitzhugh*, 576 P.2d 88 (Wyo.1978); *Allen v. Allen*, 550 P.2d 1137 (Wyo.1976)." *Milton v. Mitchell*, 762 P.2d 372, 378 (Wyo.1988).

sistent positions of fact regarding where Erhart's injury occurred.

The Division expresses concern about finality and argues that a claimant who fails to make the necessary initial showing of compensability enjoys other procedural safeguards and should not be entitled to a second opportunity to prove compensability under W.R.C.P. 60(b). We addressed the concern for finality in *Jerding*. In that case, the Division requested a modification to terminate benefits for all future claims. We found the Division was entitled under the reopening provision of Wyo. Stat. § 27–14–605(a) to petition to terminate benefits awarded by mistake or procured by fraud even though no new evidence was presented that the Division could not have discovered prior to the initial hearing. We pointed out that this finding was consistent with the provision's purpose of balancing the concept of finality with the desire to see that the claimant received no less and no more than that to which he was lawfully entitled. *Jerding*, 868 P.2d at 249.

In this case, too, we balance the concept of finality with the desire to see that Erhart receives no less and no more than that to which he is lawfully entitled. We perceive no policy which favors denying a claim for injury which the employer concedes was work related. This is especially true since the Division conceded in oral argument that reopening a denied worker's compensation determination under circumstances such as these would not present a harsh result.

Regarding Erhart and all claimants, claims must accurately state the facts and must not be filed with the goal of pleasing the employer or co-employees in order for all to receive

a bonus or for other spurious reasons. To safeguard their right to worker's compensation benefits, claimants must candidly share information with their treating physician or expert to aid in forming his or her opinion as to the cause of the injury. To do otherwise is to plot a perilous course which may ultimately end in denial of benefits.

Given our previous holdings, no need exists to reach the constitutional question of equal protection.

## V. CONCLUSION

We reverse and remand the district court's order affirming denial for further proceedings consistent herewith. Erhart should be allowed leave to request his case be reopened under W.R.C.P. 60(b) for the purpose of determining whether or not he should be awarded worker's compensation benefits in Wyoming for his work-related injury.

---

Judicial estoppel principles include where a man is successful in the position taken in the first proceeding, then that position rises to the dignity of conclusiveness. *Hatten Realty Co. v. Baylies*, 42 Wyo. 69, 290 P. 561, 566 (Wyo.1930). A party is estopped "to play fast and loose with the courts or to trifle with judicial proceedings. It is an expression of the maxim that one cannot blow hot and cold in the same breath. A party will just not be allowed to maintain inconsistent positions in judicial proceedings * * *." *Allen v. Allen*, 550 P.2d 1137, 1142 (Wyo.1976). A party who, by his pleadings, statements or contentions, under oath, has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent action. Most courts also require that the initial position

taken must be one regarding fact. Judicial estoppel does not apply to legal conclusions based on undisputed facts. *Matter of Paternity of SDM*, 882 P.2d 1217, 1224 (Wyo.1994); *Matter of Paternity of JRW*, 814 P.2d 1256, 1265–66 (Wyo.1991).

"The Illinois court found 'no reason to distinguish between judicial and quasi-judicial proceedings in the application of the doctrine [judicial estoppel] [because] [a]dministrative agencies need to ascertain the truth of the parties' positions in order to resolve ... disputes.'" *Consolidated Stores, Inc. v. Gargis*, 686 So.2d 268, 275 (Ala.Civ.App.), *cert. denied*, 686 So.2d 278 (Ala.1996) (*quoting Muellner v. Mars, Inc.*, 714 F.Supp. 351, 357 (N.D.Ill.1989)).