In the Matter of the Worker's Compensation Claim of William SHAFFER, Appellant (Petitioner),

v.

STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).

No. 97–325.

Supreme Court of Wyoming.

June 24, 1998.

Keith R. Nachbar, Casper, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant William Shaffer (the claimant) appeals from the district court's order which affirmed the hearing examiner's dismissal of his worker's compensation case.

We affirm.

## ISSUES

The claimant presents two issues for our review:

Where William Shaffer mistakenly checked the box marked "independent contractor" on a worker's compensation injury report at his employer's direction, and was therefore denied worker['s] compensation benefits, should he be given a hearing on his application to reopen his case to correct the mistake or fraud?

Was the hearing examiner's summary dismissal of Shaffer's application to reopen his case in accordance with law?

## FACTS

On August 27, 1991, the claimant sustained an injury while he was at work. In his injury report, he stated that he was a truck driver, and he indicated that he was an independent contractor. The claimant had been driving for Underwood Oil and Gas Company for approximately two months when the injury occurred. Appellee Wyoming Workers' Safety and Compensation Division (the division) issued an initial review on September 16, 1991, denying the claimant's request for benefits on the basis that he was an independent contractor and did not, therefore, fall within the statutory definition of "employee." The claimant did not object to this determination.

On August 22, 1995, nearly four years after he was injured, the claimant filed an application for a modification of benefits pursuant to Wyo. Stat. § 27–14–605(a) (1997) and an affidavit in support of his application. He claimed that he was entitled to reopen his case because he was an employee of Underwood Oil and Gas Company when he was injured and that he had indicated he was an independent contractor on his injury report only because his supervisor had directed him to do so. He maintained that he was, therefore, entitled to receive worker's compensation benefits for his 1991 injury. The division denied the claimant's application, and the case was referred to the Office of Administrative Hearings.

The division filed a motion, seeking to have the case dismissed and a summary disposition of the claimant's application rendered in its favor. It argued that the claimant was not entitled to reopen his case because he had not previously been awarded worker's compensation benefits and there was, consequently, nothing to be modified under § 27–14–605(a). After holding a hearing, the hearing examiner granted the division's motion. The claimant appealed to the district court, and the district court affirmed the hearing examiner's decision. The claimant perfected his appeal to the Wyoming Supreme Court.

## DISCUSSION

### A. Standard of Review

■ Wyo. Stat. § 16–3–114(c) (1997) governs the judicial review of an agency action. *See also* W.R.A.P. 12.09(a). When a worker's compensation case comes before the Wyoming Supreme Court, we do not accord special deference to the district court's decision. *Cabral v. Caspar Building Systems, Inc.*, 920 P.2d 268, 269 (Wyo.1996). We review the case as if it had come directly from the hearing examiner. *Id.*

■ Summary judgments are available in worker's compensation cases. *Neal v. Caballo Rojo, Inc.*, 899 P.2d 56, 58–59 (Wyo. 1995). A summary judgment should be granted when no genuine issue of material fact exists and the moving party is entitled to have a judgment as a matter of law. 899 P.2d at 62; *see also* W.R.C.P. 56(c). No disputed issues of fact were presented in this case; therefore, we are required to review only the hearing examiner's conclusions of law. We do not give deference to those conclusions of law. *Newton v. State ex rel. Wyoming Workers' Compensation Division*, 922 P.2d 863, 864 (Wyo.1996). Instead, if the hearing examiner has not invoked and properly applied the correct rule of law, we remedy the errors. *Devous v. Wyoming State Board of Medical Examiners*, 845 P.2d 408, 414 (Wyo.1993). *See also Bhutto v. State ex rel. Wyoming Workers' Compensation Division*, 933 P.2d 481, 483 (Wyo.1997).

### B. Section 27–14–605

■ The claimant contends that the hearing examiner erred when it refused to allow him to reopen his case. He claims that he should be allowed to reopen his case pursuant to 27–14–605(a)[1] because he was not afforded a hearing on his claim.

---

1. Section 27–14–605(a) states in pertinent part:
    (a) If a determination is made in favor of or on behalf of an employee for any benefits under this act, an application may be made to the division by any party within four (4) years from the date of the last payment for additional benefits or for a modification of the amount of benefits on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud.

In *Erhart v. Flint Engineering & Construction*, 939 P.2d 718, 722 (Wyo.1997), this Court parsed the language of § 27–14–605(a) and concluded that only claimants who have previously been awarded benefits can reopen their cases under that statutory section. We held that § 27–14–605(a) is not available to claimants who have been denied benefits but that unsuccessful claimants can request to have their cases reopened under W.R.C.P. 60(b).[2] 939 P.2d at 722–23.

The claimant attempts to distinguish his case from *Erhart* by pointing out that Erhart had a hearing while he did not have one. Section 27–14–605(a) does not differentiate between those unsuccessful claimants who had hearings and those unsuccessful claimants who did not have hearings. The *Erhart* ruling, therefore, applies to all unsuccessful claimants.

In this case, the claimant was denied worker's compensation benefits in the division's initial review of his claim. He did not object to that ruling, and, accordingly, a contested case hearing was not held. The claimant was not entitled to reopen his case under the procedure set forth in § 27–14–605(a) because he had not previously been awarded worker's compensation benefits. *Erhart*, 939 P.2d at 722–23.

## C. W.R.C.P. 60(b)

■ The claimant did not argue at his administrative hearing that, under W.R.C.P. 60(b), he was entitled to be relieved from the division's denial of his worker's compensation claim. Nonetheless, he asserts that this Court should, on its own motion, construe his § 27–14–605(a) application as being a request for relief under W.R.C.P. 60(b). He relies on *Herring v. Welltech, Inc.*, 660 P.2d 361 (Wyo. 1983), to support his argument. In *Herring*, this Court treated Herring's application to reopen his worker's compensation case as a W.R.C.P. 60(b) motion. 660 P.2d at 367. That case involved unique circumstances in which the district court and the clerk of the district court disregarded express statutory requirements in handling Herring's claim. 660 P.2d at 366–67. The statutory violations rendered the judgment against Herring void, and the totality of the circumstances of that case justified giving Herring relief from the adverse judgment. *Id.*

The circumstances of the case at bar are different from those circumstances which were presented in *Herring*. The record does not show that the division violated the worker's compensation law. The *Herring* ruling, therefore, is not applicable in this case, and we will not, on our own motion, construe the claimant's application to reopen his case under § 27–14–605(a) as being a W.R.C.P. 60(b) motion.

The claimant waived his right to argue on appeal that he was entitled to have relief under W.R.C.P. 60(b) because he did not present that issue to the hearing examiner. "As we have consistently stated over many years, Wyoming appellate courts do not review issues raised for the first time on ap-

2. W.R.C.P. 60(b) provides:
(b) Other Reasons.—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding as provided by statute, or to grant relief to a party against whom a judgment or order has been rendered without other service than by publication as provided by statute. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

peal. This rule is equally applicable to appeals from administrative decisions as to those from district courts." *Nelson v. Sheridan Manor,* 939 P.2d 252, 255 (Wyo.1997) (citations omitted).

The claimant also contends that public policy dictates that he should be allowed to reopen his case. We have recognized that the worker's compensation law seeks "to balance the concept of finality with the desire to see that a claimant receives no less and no more than that to which he is lawfully entitled." *State ex rel. Wyoming Workers' Compensation Division v. Jerding,* 868 P.2d 244, 249 (Wyo.1994). Although the claimant may have been entitled to receive worker's compensation benefits, he did not follow the proper procedures to reopen his case, and public policy does not require that we abandon the concept of finality to correct the claimant's mistake.

Affirmed.