**In the Matter of the Worker's Compensation Claim of Michael BILA, Appellant (Petitioner/Employee),**

v.

**ACCURATE TELECOM, Appellee (Respondent/Employer)**

v.

**STATE of Wyoming ex rel. WORKERS' COMPENSATION DIVISION, Appellee (Respondent/Objector).**

No. 97–347.

Supreme Court of Wyoming.

Oct. 6, 1998.

Susan Maher Guthrie, Casper, for Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Assistant Attorney General. Argument by Mr. Haggerty for Appellee State of Wyoming ex rel. Workers' Compensation Division.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

Michael Bila appeals from the order of the district court which affirmed the dismissal of his petition to reopen his worker's compensation case and denied his motion for leave to present additional evidence pursuant to WYO. R.APP. P. 12.08. WYO. R. CIV. P. 60(b) does not apply to cases where the employee fails to timely file a written request for hearing, and WYO. R.APP. P. 12.08 does not permit remand for presentation of additional legal theories. We affirm.

## ISSUES

Appellant Michael Bila presents the following statement of the issues:

A. Whether the administrative law judge's decision granting the state's motion to dismiss was unlawful and should be set aside because the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

B. Whether the district court had authority to remand the case to the administrative law judge and erred in denying the motion to do so.

* Chief Justice at time of oral argument.

Appellee State of Wyoming *ex rel.* Wyoming Workers' Compensation Division (Division) submits these issues for our consideration:

The Division denied benefits because the Employer had not elected coverage, and the Employee filed an untimely objection. Later, he withdrew his request for a hearing on the timeliness of his objection and filed a petition to reopen under § 27–14–605(a).

A. Was the dismissal of the petition to reopen within the Hearing Examiner's discretion and in accordance with law?

After filing his petition for review, the Employee filed a W.R.A.P. 12.08 Motion in the district court, seeking a remand to assert W.R.C.P. 60(b) as a new legal theory.

B. Did the district court properly deny the Employee's W.R.A.P. 12.08 Motion?

**FACTS**

Appellant Michael Bila fell from a ladder and broke his leg while installing telephone cable on November 22, 1995. Bila subsequently filed an injury report on January 26, 1996. The employer, Accurate Telecom, filed its injury report for the accident on February 9, 1996. The employer marked the section on the form pertaining to compensability under the Workers' Compensation Act in the affirmative. However, on January 31, 1996, before receiving the employer's injury report claiming the injury was compensable under the Workers' Compensation Act, the Division issued a final determination letter to Bila.

The final determination letter informed Bila that the Division could not approve payment of benefits because "[t]he employee is not employed in an occupation requiring coverage under Wyoming Statute 27–14–108(c) and your employer has not elected coverage under Wyoming Statute 27–14–108(j)." The letter informed Bila that he could object to the determination and request a hearing before a hearing examiner as provided by the Workers' Compensation Act. The letter also informed Bila he had a right to legal representation and that the Division must receive a written request for a hearing by February 27, 1996. Finally, the letter provided "[i]f a timely written request for hearing is not filed with this division, the final determination by the Division pursuant to W.S. 27–14–601(k) shall not be subject to further administrative or judicial review."

Although no copy of Bila's response is found in the record, the Division's notice of late response to final determination stated that it received a response to its January 31, 1996, final determination on June 14, 1996. Pursuant to the notice of late response, Bila apparently filed a written request for a hearing concerning the timeliness of his response. An Internal Hearing Unit proceeding was scheduled for August 12, 1996, to consider the timeliness of Bila's response to the final determination. However, Bila withdrew his request for a hearing, and the Internal Hearing Unit hearing officer dismissed the matter, declaring the final determination dated January 31, 1996, binding on the parties.

On October 30, 1996, Bila filed a petition to reopen his case pursuant to WYO. STAT. § 27–14–605. Following a motion for summary disposition from the Division and a response from Bila, the office of administrative hearings held a hearing on June 4, 1997. Relying on a slip opinion issued on May 19, 1997, *Erhart v. Flint Engineering & Construction,* 939 P.2d 718 (Wyo.1997), the hearing examiner determined that WYO. STAT. § 27–14–605 did not apply to Bila because no determination had been made in his favor and granted the division's motion to dismiss.

Bila filed a petition for review of the administrative decision in the district court pursuant to WYO. R.APP. P. 12. The petition alleged that the administrative decision was unlawful, arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law as set forth in WYO. STAT. § 27–14–605(a), and in excess of statutory authority and unsupported by substantial evidence as required by WYO. STAT. § 27–14–605(a). Bila also filed a motion for leave to present additional evidence pursuant to WYO. R.APP. P. 12.08, or in the alternative, to remand to the hearing examiner. The WYO. R.APP. P. 12.08 motion alleged that Bila filed a petition to reopen with the hearing examiner, seeking relief under WYO. R. CIV. P. 60. The motion also alleged that pursuant to *Erhart v. Flint*

*Engineering & Construction,* WYO. R. CIV. P. 60 "is the applicable rule for worker's compensation cases of this nature to request reopening." Finally, Bila claimed that *Erhart* was not published in time for him to amend his pleadings to proceed under WYO. R. CIV. P. 60 before the hearing examiner and prayed for the district court to remand the case to the hearing examiner pursuant to WYO. R.APP. P. 12.08, thereby allowing the hearing examiner to consider the petition to reopen under WYO. R. CIV. P. 60.

The district court affirmed the hearing examiner's decision because it was supported by substantial evidence in accordance with the law. The district court also found that the issue concerning a remand for a determination under WYO. R. CIV. P. 60(b) was not raised before the hearing examiner, and the court did not have jurisdiction to decide the issue. Bila filed a timely notice of appeal with this Court.

## DISCUSSION

*Standard of Review*

■■■ Judicial review of agency action is governed by WYO. STAT. § 16–3–114(c) (1997). The Court

must hold unlawful and set aside agency actions which are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, contrary to constitutional right, in excess of statutory jurisdiction or authority, without observance of procedure required by law, or unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute. An aggrieved party may obtain a review of any final judgment of the district court under the administrative procedure act by appeal to the supreme court. In such case, the supreme court reviews the agency action as if the appeal came directly to the supreme court from the agency and does not give deference to the district court's decision.

*RM v. Dept. of Family Services,* 953 P.2d 477, 481 (Wyo.1998) (citations omitted).

■■ Bila claims the hearing examiner's order was an abuse of discretion, arbitrary, capricious, and not in accordance with the law. His claim is based on the hearing examiner's failure to, *sua sponte,* consider his claim under WYO. R. CIV. P. 60 rather than WYO. STAT. § 27–14–605(a). Whether WYO. R. CIV. P. 60 is applicable to this case is a question of law, which we review *de novo.*

Bila also argues that the district court had authority to remand the case to the hearing examiner for further hearing and erred in denying his WYO. R.APP. P. 12.08 motion to remand for consideration of additional evidence. Again, whether a rule applies to a given set of facts is a question of law, requiring *de novo* review.

*The Hearing Examiner Decision*

■■ The issue before the hearing examiner was whether WYO. STAT. § 27–14–605(a) applied to a case in which no determination in favor of or on behalf of an employee had been made. With *Erhart v. Flint Engineering & Construction,* 939 P.2d 718 (Wyo.1997), in hand, the hearing examiner's order was clearly in accordance with the law. In *Erhart* this Court applied the plain language of WYO. STAT. § 27–14–605(a) and determined

Wyo. Stat. § 27–14–605 addresses finality in worker's compensation cases in its opening clause and restricts the reopening of cases to those in which a "determination" has been "made in favor of or on behalf of an employee * * *." The fact that the language in this section only addresses cases in which a determination has been made shows the intent of the legislature that cases in which benefits are awarded are the only cases that can be reopened under this section.

*Erhart,* 939 P.2d at 722. The hearing examiner did not err when she ruled Bila was not entitled to relief under WYO. STAT. § 27–14–605(a).

■■ Bila contends the hearing examiner erred when she failed to, *sua sponte,* amend Bila's petition to reopen to a WYO. R. CIV. P. 60 motion. Bila fails to cite any authority to support his contention that a hearing examiner abuses her discretion when she fails to determine the proper pleading for a party to an action. We addressed the applicability of a WYO. R. CIV. P. 60 motion in *Erhart* be-

cause Erhart pled alternative bases for his petition to reopen, including a Wyo. R. Civ. P. 60 motion. *Erhart*, 939 P.2d at 720.

In *Erhart*, after determining that Wyo. Stat. § 27–14–605(a) does not apply to cases where the employee was never awarded any benefits, we proceeded to discuss whether an unsuccessful claimant may reopen his case under Wyo. R. Civ. P. 60(b). *Id.* at 722. Finding that no specific legislation superseded application of Wyo. R. Civ. P. 60(b) to Erhart's claim, we held "[i]n the absence of other provisions of law, W.R.C.P. 60(b) is applicable, and Erhart must be allowed leave to request his case be reopened." *Id.* at 723.

However, *Erhart* was decided pursuant to the law in effect at the time of his injury, which was 1993. In 1994, the legislature amended the Wyoming Workers' Compensation Act, including Wyo. Stat. § 27–14–601(k). At the time of Erhart's injury the statute provided:

> [I]f written objection to any determination or award as provided by this section is not filed by the employer or employee with the division within ten (10) days from the date of notice, . . . it is presumed the employer and employee consent to the determination or award and the division shall proceed as required by this act.

Wyo. Stat. § 27–14–601(k) (Cumm.Supp.1990).

The statute in effect at the time of Erhart's injury merely created a presumption of consent to the determination if a written objection to a determination was not timely filed. *Id.* It did not preclude administrative or judicial review. *Id.* However, Bila was injured in 1995. The 1994 amendment to the Act specifically precludes "further administrative or judicial review" absent a timely written request for hearing. Wyo. Stat. § 27–14–601(k)(vi) (1997); *see* 1994 Wyo. Sess. Laws, Ch. 86 § 2. The specific preclusion found in the amended statute renders Wyo. R. Civ. P. 60(b) inapplicable in cases where the employee fails to file a timely written objection. The final determination from the Division provided notice of this requirement.

*The Wyo. R.App. P. 12.08 Motion*

▮ Bila also claims the district court's denial of his Wyo. R.App. P. 12.08 motion was clearly erroneous and an abuse of discretion. Wyo. R.App. P. 12.08 provides:

*Presentation of evidence.*

> If, before the date set for hearing, application is made to the reviewing court for leave to present additional evidence, and it is shown to the satisfaction of the court the additional evidence is material, and good cause for failure to present it in the proceeding before the agency existed, the reviewing court, in contested cases, shall order the additional evidence to be taken before the agency upon those conditions determined by the reviewing court. The agency may adhere to, or modify, its findings and decision after receiving such additional evidence, and shall supplement the record to reflect the proceedings had and the decision made. Supplemental evidence may be taken by the reviewing court in cases involving fraud, or involving misconduct of some person engaged in the administration of the law affecting the decision. In all cases other than contested cases, additional material evidence may be presented to the reviewing court.

Wyo. R.App. P. 12.08 does not authorize a remand for the sole purpose of presenting a new legal theory. The plain language of the Rule limits relief to the presentation of additional evidence, not arguments. Bila's Wyo. R.App. P. 12.08 motion sought remand to permit the hearing examiner to consider his Wyo. R. Civ. P. 60(b) motion. The district court properly refused to remand the case for consideration of a new legal theory. Additionally, as discussed above, Bila would not have prevailed even if he had proposed that theory in a timely manner.

## CONCLUSION

Wyo. R. Civ. P. 60 is not available to claimants who fail to file a timely written request for administrative hearing when the

initial administrative review of entitlement to benefits denies benefits. WYO. R.APP. P. 12.08 does not permit remand for the presentation of alternative legal theories to the hearing examiner. Therefore, we affirm the order of the district court.