In the Matter of the Worker's Compensation Claim of Ted CABRAL, Appellant (Claimant/Petitioner),

v.

CASPAR BUILDING SYSTEMS, INC., Appellee (Employer/Respondent).

No. 95–301.

Supreme Court of Wyoming.

July 19, 1996.

Keith R. Nachbar, Casper, for Appellant.

Charles S. Chapin of Crowell & Chapin, P.C., Casper, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR* and LEHMAN, JJ.

MACY, Justice.

Appellant Ted Cabral (the claimant) petitioned the district court to review the hearing examiner's denial of his claim for worker's compensation benefits. The district court affirmed the hearing examiner's decision, and the claimant appealed to this Court.

We affirm.

### ISSUE

The claimant presents the following issue for our review:

> Did the Hearing Examiner commit reversible error when he concluded that Claimant's bending down to pick up a pack of cigarettes was a normal activity of day-to-day living and excluded from the definition of a compensable injury under Wyo. Stat. § 27–14–102(a)(xi)(G) (1994) and therefore denied benefits?

### FACTS

The claimant applied for worker's compensation benefits, maintaining that he injured his back on October 4, 1994, while he was working as a laborer/iron worker for Appellee Caspar Building Systems, Inc. (the employer). The claimant asserted that his injury occurred when he bent over to retrieve a pack of cigarettes from his work pouch.

The employer objected to the claimant's request for benefits, and a contested case hearing was held before a hearing examiner.

After the hearing concluded, the hearing examiner denied the claimant's request. The claimant filed a petition for judicial review in the district court. The district court found that substantial evidence supported the hearing examiner's decision. The claimant subsequently perfected his appeal to this Court.

### DISCUSSION

When we are reviewing a decision in a worker's compensation case, we do not accord any deference to the district court's decision. *Olheiser v. State ex rel. Wyoming Workers' Compensation Division*, 886 P.2d 269, 271 (Wyo.1994). Instead, we review the case as if it had come directly to this Court from the agency. *Cronk v. City of Cody*, 897 P.2d 476, 477 (Wyo.1995). A worker's compensation claimant has the burden of proving every essential element of his claim by a preponderance of the evidence. *Gilstrap v. State ex rel. Wyoming Workers' Compensation Division*, 875 P.2d 1272, 1273 (Wyo. 1994). As a part of that burden, he must show that his injury arose out of and in the course of his employment. WYO. STAT. § 27–14–102(a)(xi) (Supp.1995).

Whether an employee's injury occurred in the course of his employment is a question of fact. *Hepp v. State ex rel. Wyoming Workers' Compensation Division*, 881 P.2d 1076, 1077 (Wyo.1994).

> We review an administrative agency's findings of fact by applying the substantial evidence standard. Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Latimer v. Rissler & McMurry Co.*, 902 P.2d 706, 708–09 (Wyo.1995) (citations omitted). We do not, however, defer to an agency's conclusions of law. "Instead, if the 'correct rule of law has not been invoked and correctly applied, . . . the agency's errors are to be

---

* Chief Justice effective July 1, 1996.

corrected.' " *Thunder Basin Coal Company v. Study,* 866 P.2d 1288, 1291 (Wyo.1994) (quoting *Devous v. Wyoming State Board of Medical Examiners,* 845 P.2d 408, 414 (Wyo. 1993)).

The claimant asserts that the hearing examiner committed reversible error when he determined that the claimant's injury was not compensable on the basis that bending down to pick up a pack of cigarettes is a normal activity of day-to-day living and is excluded from the definition of a compensable injury under § 27–14–102(a)(xi)(G). That section states:

(a) As used in this act:

. . .

(xi) "Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:

. . .

(G) Any injury resulting primarily from the natural aging process or from the normal activities of day-to-day living, as established by medical evidence supported by objective findings[.]

Section 27–14–102(a)(xi)(G). The plain language of this statute requires that medical evidence, which is supported by objective findings, be presented to establish that the claimant's injury resulted primarily from the normal activities of day-to-day living. The parties do not direct us to any such evidence in the record, and we have not found any specific medical evidence on this issue. The hearing examiner, therefore, erred when he concluded that the claimant's injury was not compensable under § 27–14–102(a)(xi)(G).

It is, however, evident from the text of the hearing examiner's findings that he did not rely solely upon § 27–14–102(a)(xi)(G) in denying the claimant's request for benefits.

The hearing examiner's finding which is pertinent to this case stated:

15. The Claimant failed to prove a compensable injury in light of his testimony, which is found to have been not accurate at times, his previous back difficulties, which he apparently experienced for about 15 years, his unhappiness at being transferred to the job he was at when he was injured, and the relatively mundane activity he was engaged in at the time of the alleged injury. In addition, a normal activity of day-to-day living is specifically excluded from the definition of a compensable injury under W.S. 27–14–102(a)(xi)(G), effective July 1, 1994, which his reaching for cigarettes is found to be.

The hearing examiner concluded in this finding that the claimant's claim should be denied on two independent bases: (1) the claimant did not meet his burden of proving that he had suffered a compensable injury; and (2) his injury was the result of a normal activity of day-to-day living. If substantial evidence supported the hearing examiner's determination that the claimant did not meet his burden of proof, the hearing examiner was correct in denying the claimant's request even though the requirements of § 27–14–102(a)(xi)(G) were not satisfied.

In making his case that he was injured in the course of his employment, the claimant asserted that he suffered from a sore back for a few days prior to bending down to retrieve the cigarettes. He attributed that back pain to the heavy lifting and pulling which he did at his job. The doctor who treated the claimant's back condition testified by deposition at the hearing. He stated that the heavy lifting on the days preceding the alleged injury may have contributed to the injury and that the bending over to pick up the cigarettes may have been the "straw that broke the camel's back." The doctor stated, however, that he could not determine with a reasonable degree of medical certainty the cause of the claimant's back pain because the claimant had suffered two prior back injuries. He indicated that he did not know whether the claimant's previous back injuries could be separated from his current injury and characterized the claim-

ant's condition as being a "continuum for this patient."

The hearing examiner found that the claimant was not entirely accurate in his statements. The claimant did not provide some of his treating physicians with a complete history of his prior back problems. His testimony about which days he worked prior to injuring his back and about the rate at which he was being paid was inconsistent with other evidence presented at the hearing. Additionally, the claimant was unhappy with his employer because his employer had transferred him from a higher-paying job to a lower-paying job shortly before he allegedly injured himself.

■ As we have stated many times, weighing the evidence and assessing the credibility of the witnesses are tasks which have been assigned to the hearing examiner, and we will not usurp the hearing examiner's position by second-guessing his determinations. *See Latimer*, 902 P.2d at 711. Faced with the inaccuracies in the claimant's statements and with the claimant's dissatisfaction in being transferred to a lower-paying job, the hearing examiner apparently found that the claimant was not a very trustworthy witness. The claimant's lack of veracity, coupled with the equivocal medical testimony, compels us to conclude that substantial evidence supported the hearing examiner's determination that the claimant did not meet his burden of proving that he was injured in the course of his employment when he bent down to pick up the cigarettes.

The claimant contends that, under *Archuleta v. Carbon County School District No. 1*, 787 P.2d 91, 93 (Wyo.1990), he is entitled to a rebuttable presumption that his injury occurred in the course of his employment because it happened on the employer's premises. In *Archuleta*, the employee had finished his work shift when he died as a result of an injury he suffered after he had freed his vehicle from a snow drift on his employer's premises. 787 P.2d at 91. In that case, no question existed as to the circumstances of the employee's death or as to whether the incident happened on the employer's premises. In the case at bar, by contrast, the claimant did not prove that his injury occurred at his job site on October 4, 1994, when he bent over to pick up his cigarettes. Therefore, *Archuleta*'s "premises rule" does not have any application in this case. *See Stuckey v. State ex rel. Wyoming Worker's Compensation Division*, 890 P.2d 1097, 1099–1100 (Wyo.1995).

The claimant also argues that his injury was compensable because he incurred it while he was at work, engaging in an act which was necessary to his life, comfort, or convenience. *See Archuleta*, 787 P.2d at 93. He apparently maintains that reaching down to pick up the cigarettes was an act which was necessary to his life, comfort, or convenience. The claimant's argument presupposes that his injury occurred when he reached down to get his cigarettes. As we have already stated, the claimant was not successful in proving that element of his claim at the hearing. We do not, therefore, need to consider the claimant's argument.

**CONCLUSION**

The hearing examiner erred in concluding that the claimant's injury was not compensable under § 27–14–102(a)(xi)(G); however, substantial evidence supported the hearing examiner's finding that the claimant did not meet his burden of proving that he suffered a compensable injury in the course of his employment.

Affirmed.