In the Matter of the Worker's Compensation Claim of:

Beverly NELSON, Appellant (Employee–Petitioner),

v.

SHERIDAN MANOR, Appellee (Employer–Respondent),

v.

STATE of Wyoming ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Objector–Respondent).

No. 96–110.

Supreme Court of Wyoming.

June 17, 1997.

Rene Botten of Northern Wyoming Law Associates, Sheridan, for Appellant.

Kathleen B. Dixon of Murane & Bostwick, Casper, for Appellee Sheridan Manor.

Robert R. Rogers and Anthony T. Wendtland of Davis & Cannon, Sheridan, for Appellee State ex rel. Wyoming Workers' Safety & Compensation Div.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Beverly Nelson (Nelson) appeals the denial of her worker's compensation claim for temporary total disability benefits. Nelson was allegedly injured while on duty as a cook-trainee at Sheridan Manor in Sheridan, Wyoming. After a contested case hearing, the hearing examiner concluded that Nelson failed to establish that her employment at Sheridan Manor was the cause of her symptoms. Nelson contends the hearing examiner erroneously considered deposition testimony which was not formally offered into evidence at the contested case hearing. She further asserts the delay between the hearing and the decision caused substantial prejudice to her case. Finding no error in the consideration of the deposition testimony nor any prejudice to Nelson caused by delay, we affirm.

## I. ISSUES

As appellant, Nelson states the issues as follows:

I.    Is the *Findings of Fact, Conclusions of Law and Order* of the hearing officer denying the award of benefits arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

II.   Did the hearing officer abuse his discretion in waiting nine months to render a decision?

Appellee, Sheridan Manor, states similar issues:

I.    The hearing examiner's findings of fact and conclusions of law were not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law because the hearing examiner relied upon deposition testimony of which he took judicial notice.

II.   The Appellant has failed to prove that an alleged delay between the hearing on May 4, 1995 and the hearing officer's final decision on February 15, 1996 caused her prejudice.

Appellee, State ex rel. Wyoming Workers' Safety and Compensation Division (Division) states their issues:

I.    Should issues raised by Petitioner the first time on appeal be considered?

II.   Did the Hearing Officer's Findings of Fact and Conclusions of Law contain prejudicial error?

## II. FACTS

On October 27, 1994, Nelson began her eleven-day employment with Sheridan Manor. Originally hired to work as a kitchen aid, Nelson was quickly advanced to cook-trainee. Her last day of work was November 10, 1994. Prior to her employment with Sheridan Manor, Nelson was employed for two years as a seamstress with Big Horn Threads. While a seamstress, Nelson worked on a double needle sewing machine attaching zippers and

stitching hemwork which routinely entailed cutting thread and manipulating material.

On November 15, 1994, Nelson filed a worker's compensation claim for temporary total benefits due to carpal tunnel syndrome in both wrists allegedly received or exacerbated while working at Sheridan Manor. Sheridan Manor objected to the claim and a contested hearing was held on May 4, 1995.

At the contested case hearing, Nelson introduced her own testimony, that of her daughter, and the deposition testimony of Dr. Batty, her treating physician. Nelson testified that on November 8, 1994, her first day as a cook-trainee, she felt "three pops" in her left wrist while removing a pan from a low oven. She then experienced a "sharp pain" up toward her elbow. Two days later, she felt a "grinding" in her neck and "something sharp" in her right elbow. The next day, her arms, hands and wrists were swollen and painful. She stated she never had experienced any similar symptoms and since it was her day off, she waited to see if the swelling would go down.

Nelson testified that when the symptoms continued into the following day, November 12, she attempted to call several physicians for an appointment. Dr. Batty, a local physician, returned her call and made an appointment for a consultation on Monday, November 14, 1994. After examining Nelson on November 14, Dr. Batty diagnosed her condition as "bilateral carpal tunnel in both wrists."

Sheridan Manor called Virginia Fisher (Fisher), Nelson's supervisor, who testified Nelson telephoned her on November 12, at which time she told Fisher she would not be coming in the next day because her hands were swollen. When Fisher asked Nelson if she had been "injured on the job," Nelson replied no, she had "carpal tunnel" and "she had it a long time." Fisher also testified that on November 15, 1994, the same day Nelson filled out her injury report with the court clerk, Nelson came to Sheridan Manor to return her keys. At that time, Nelson told Fisher that Dr. Batty had diagnosed her condition as carpal tunnel and she did not know if she would return to work. Fisher testified Nelson never said anything to Fish-er about the injury being related to work at Sheridan Manor and that Fisher only learned of the alleged work/injury relationship a few days later from Nelson's co-employee.

Over a period of time, Dr. Batty referred Nelson to several physicians for further testing. Eventually, Nelson's physicians concluded that Nelson's tests indicated carpal tunnel syndrome in her left wrist, tendinitis in her right elbow, and cervical radiculopathy. Her condition was treated with home cervical traction and nonsteroidal anti-inflammatory agents.

Dr. Cole, a neurologist in Casper, Wyoming, conducted an independent medical examination of Nelson at the request of the Division and Sheridan Manor. He later submitted a report and was deposed by Nelson. During the contested case hearing at the close of Nelson's evidence, the Division stated it would present no witnesses, but would "rely on what is in Dr. Cole's deposition and the cross-examination of plaintiff's case." Nelson made no objection to the Division's reliance on the deposition testimony.

At the close of the proceeding, the hearing examiner told counsel he would be unable to render an immediate decision because the "pivotal" testimony would be found in the, as yet, unread depositions of Dr. Cole and Dr. Batty. After nine months passed without a decision, Nelson petitioned the district court for a Peremptory Writ of Mandamus. Eight days later, on February 15, 1996, the hearing examiner issued its order denying benefits which cited deposition testimony from the depositions of Dr. Batty, Dr. Cole and Fisher. On March 11, 1996, Nelson filed a petition for review with the district court. Pursuant to W.R.A.P. 12.09, this case was certified to the Wyoming Supreme Court.

### III. STANDARD OF REVIEW

Judicial review of an agency action is conducted in accordance with Wyo. Stat. § 16-3-114(c) (1990). W.R.A.P. 12.09. Pursuant to Wyo. Stat. § 16-3-114(c)(ii)(A), the reviewing court shall "[h]old unlawful and set aside agency action, findings and conclusions found to be * * * [a]rbitrary, capricious, an abuse of discretion or otherwise not in accor-

dance with law[.]" *See Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 876 (Wyo. 1994). An agency's findings of fact will not be adjusted unless clearly contrary to the overwhelming weight of the evidence. *Id.* at 875. We do not afford the same deference, however, to an agency's conclusion of law. An agency's decision is affirmed only if the conclusion of law is correct; otherwise, we correct it. *Matter of Corman,* 909 P.2d 966, 970 (Wyo.1996). When the determination before us is a mixed question of fact and law, we defer to the agency's findings of basic fact but correct misapplications of the law to those facts. *Aanenson v. State ex rel. Wyoming Worker's Compensation Div.,* 842 P.2d 1077, 1080 (Wyo.1992).

## IV. DISCUSSION

### A. RELIANCE ON DEPOSITION TESTIMONY NOT FORMALLY INTRODUCED AT THE CONTESTED CASE HEARING

■ Nelson claims the hearing examiner improperly relied on the deposition testimony of Dr. Cole and Fisher in reaching his conclusions because the depositions *"were never introduced or made a part of the record."* (Emphasis in original.) Not only does this argument lack merit, it is not properly before us on appeal due to Nelson's failure to raise the issue below.

■ As we have consistently stated over many years, Wyoming appellate courts do not review issues raised for the first time on appeal. *Stuckey v. State ex rel. Wyoming Worker's Compensation Div.,* 890 P.2d 1097, 1100 (Wyo.1995); *Campbell v. Department of Family Services,* 881 P.2d 1066, 1070 (Wyo. 1994). This rule is equally applicable to appeals from administrative decisions as to those from district courts. *Matter of State Bank Charter Application of Sec. Bank, Buffalo,* 606 P.2d 296, 299–300 (Wyo.1980). In *Matter of State Bank Charter Application of Sec. Bank, Buffalo,* 606 P.2d at 299, we refused to consider appellant's claim that the hearing examiner took into account evidence which was not part of the administrative record, quoting *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo.1974):

"Unless adverse parties appearing before administrators or administrative bodies are required to frame issues and contentions for decision by the hearing body, such hearings will become meaningless charades necessitating upon appeal what would be factually a trial de novo contrary to the purpose and philosophy of the Administrative Procedures Act."

Nelson never presented the hearing examiner with objections to the use of the deposition testimony at the contested case hearing nor did she utilize any procedure to raise her objections after the decision was rendered. *Matter of State Bank Charter Application of Sec. Bank, Buffalo,* 606 P.2d at 299 n. 4; Wyo. Stat. § 16–3–109 (1990).

Nelson counters it is "ludicrous" to require an objection to the hearing examiner's use of the depositions at the contested case hearing because "she had no idea that the hearing officer would improperly use them * * *." We find this argument disingenuous not only because it ignores the opportunity to object after receiving the hearing examiner's decision, but also because the record clearly shows Nelson knew the hearing examiner was going to consider the entire deposition testimony of Dr. Cole. Indeed, her counsel invited him to do so.

On three separate occasions prior to the contested case hearing, the hearing examiner notified the parties it would take official notice of the entire administrative file. Wyo. Stat. § 16–3–107(r) (Cum.Supp.1996). At the outset of the proceeding, the record reflects the following exchange:

[HEARING EXAMINER]: I notice that we have depositions of some length. I received them yesterday. As we proceed here we will decide whether or not I can digest these rapidly enough to accommodate you with some sort of a resolution today. These depositions are Dr. Cole and Dr. Batty.

* * * I want to ask counsel what their anticipation of witnesses and testimony will be. * * *

* * *

[DIVISION'S COUNSEL]: Your Honor, I don't have any witnesses other than my reliance on a Malvin Cole * * *. I don't

have anybody other than Dr. Cole, cross-examination, and [employer's counsel's] witnesses.

\* \* \*

[EMPLOYER'S COUNSEL]: \* \* \* We also have Dr. Cole. \* \* \*

[HEARING EXAMINER]: \* \* \* [Appellant's Counsel], do you want to introduce the case and tell us where we are going.

[APPELLANT'S COUNSEL]: Yes, Your Honor. I would question first the—would you like to change the two copies of the depositions for the original depositions?

[HEARING EXAMINER]: No, thank you. You can file those \* \* \* upstairs.

[APPELLANT'S COUNSEL]: Okay. Sure will.

However, this was not the end of the matter. During the hearing, the Division unequivocally stated its intention to rely on the deposition testimony of Dr. Cole, without objection by Nelson's counsel. Closing argument also afforded numerous opportunities to object to the use of Dr. Cole's deposition testimony. Instead, Nelson's counsel made extensive reference to Dr. Cole's deposition, including the following:

Now, *the employer is basing their whole case on Dr. Malvin Cole's deposition.* Dr. Cole is a neurosurgeon[1] down in Casper. And we did a deposition of Dr. Cole. And actually \* \* \* Exhibits 7 through 9 are Dr. Cole's notes that I subpoenaed. And I subpoenaed them for a purpose.

\* \* \*

Now, the reason I brought that up is *because if you read Dr. Cole's deposition more thoroughly,* he states in there she never mentioned she had neck pain. \* \* \* But there it is right on his own notes that I subpoenaed, Exhibit No. 8.

(Emphasis added.) At no time did Nelson's counsel suggest the entire deposition was not properly before the hearing examiner. Neither did Nelson's counsel object during closing arguments by Sheridan Manor and the Division which repeatedly and specifically

referenced Dr. Cole's testimony, going so far as to state, "the likelihood of Ms. Nelson actually developing and/or aggravating a simultaneous carpal tunnel syndrome and severe radiculopathy all at the same time is according to Dr. Cole's own words virtually nil."

Finally, the hearing examiner made it clear at the close of the proceeding that he intended to read the entire deposition testimony of Dr. Cole and Dr. Batty, and that he thought it would be "pivotal." Thus, the record demonstrates that despite many opportunities to bring this alleged error to the attention of the hearing examiner, Nelson failed to do so. Therefore, there is no question that in the case of Dr. Cole's testimony, Nelson waived any issue below.

■ Nelson also argues that consideration of Fisher's deposition testimony was a denial of due process because it was not in the case file. While it is true that Fisher's deposition testimony was disregarded at the contested case hearing due to her presence to testify in person, this does not negate an appellant's duty to request post-decision relief in such situations. Even had this issue been raised below, "an error must be prejudicial and affect the substantial rights of the appellant" in order to constitute grounds for reversal. *Matter of Jones,* 702 P.2d 1299, 1302 (Wyo. 1985).

■ Nelson had the opportunity to cross-examine Fisher at the deposition and again at the contested case hearing. *See Black Watch Farms v. Baldwin,* 474 P.2d 297 (Wyo.1970) (physician's letter and reports not offered into evidence could not be basis for award of benefits because of lack of opportunity for cross-examination). Nelson also fails to point to any portion of Fisher's deposition which was contrary to the testimony given at the hearing. *See Matter of Jones,* 702 P.2d at 1302 (material not formally admitted identical to evidence properly admitted obviating any problem concerning due process). Therefore, Nelson fails to show any prejudice resulting from consideration of Fisher's deposition testimony.

---

1. This was a misstatement. Dr. Cole is a neurologist.

## B. DELAY IN ISSUING A FINAL DECISION

■ Nelson's claim that reversal is warranted by virtue of the nine-month delay must also fail as she does not cite to any authority for reversal or establish any prejudice caused by the delay. *Matter of Smith*, 762 P.2d 1193, 1198 (Wyo.1988). Nelson's first claim of prejudice is based on financial hardship caused by the Division's failure to pay benefits while waiting for the hearing examiner's decision. Financial hardship is not a proper consideration in determining prejudice. If the facts in evidence demonstrate that Nelson was not entitled to benefits at the time of the hearing, she cannot show her financial difficulties were due to a delay in awarding those benefits.

■ Nelson also alleges she was prejudiced because the delay caused the hearing examiner to forget the evidence presented at the hearing. Nelson points to several alleged inconsistencies between the record of the hearing and the hearing examiner's Findings of Fact. The real question, however, is whether the discrepancies undermine the evidentiary support for the hearing examiner's conclusions.

The hearing examiner summarized his conclusions in relevant part as follows:

THIS HEARING OFFICER HAS CONCLUDED that Beverly Nelson has failed in carrying her burden of proof by establishing by preponderance of the evidence all the essential elements of her claim against Sheridan Manor. In short, her failure to report the accident or incident to her employer, the equivocal and speculative testimony of Dr. Batty in contradistinction to the unequivocal testimony of Dr. Cole, and the innumerable inconsistencies in the Claimant's testimony all result in such a failure.

Nelson initially notes that the hearing examiner misidentified a hearing exhibit, citing the Division's hearing Exhibit 16 which was not admitted into evidence, rather than citing the identical material admitted into evidence by Sheridan Manor. We see no prejudice to Nelson's case in this clerical error. The material considered by the hearing examiner was properly admitted.

Nelson also claims the hearing examiner misstated the evidence in two instances. First, Nelson correctly notes the hearing examiner found "Sheridan Manor was never advised of an incident or injury or accident at Sheridan Manor" when, in fact, Fisher testified she heard about the claim from a co-employee a few days after Nelson's resignation. We see no error in this statement when read with the hearing examiner's conclusion. Fisher's testimony established that Nelson never personally informed Fisher of an injury nor filled out a report, even though company policy required such report. A discussion with a co-employee which later finds its way to the supervisor does not undermine the hearing examiner's conclusions based on Nelson's failure to report the injury to her employer.

Nelson further points out that the hearing examiner erroneously found that *Nelson told Dr. Batty* in her first telephone call that her problem could be carpal tunnel. To the contrary, the hearing transcript indicates Nelson testified that *Dr. Batty told her* the condition could be carpal tunnel. Again, this error does not remove evidentiary support for the hearing examiner's conclusions in light of Fisher's testimony that Nelson stated she had carpal tunnel for "a long time."

None of the inconsistencies identified by Nelson address uncontested facts which were essential to the hearing examiner's determination and, therefore, there is no substantial prejudice to Nelson's claim. We decline to consider Nelson's allegation that the hearing examiner's decision is a form of retaliation for petitioning for a Peremptory Writ of Mandamus as it is not supported by cogent argument or authority. We also note that the conclusions of the hearing examiner were abundantly supported by the record.

## V. CONCLUSION

Nelson failed to preserve her claim that deposition testimony was improperly considered by the hearing examiner. Neither did

Nelson establish substantial prejudice caused by the delay between the time of the hearing and the time the decision was issued. We, therefore, affirm.