Brenda K. WEAVER, Appellant (Petitioner),

v.

COST CUTTERS, Appellee (Respondent).

Cost Cutters, Appellant (Employer/Respondent),

and

WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Objector/Respondent),

v.

Brenda WEAVER, Appellee (Employee/Petitioner).

Nos. 97–68, 97–106.

Supreme Court of Wyoming.

Feb. 19, 1998.

Roger Fransen, HICKEY, MACKEY, EVANS, WALKER & STEWART, Cheyenne, for Appellant (Petitioner).

Steven K. Sharpe, ANTHONY, GOODRICH, NICHOLAS & SHARPE, LLC, Cheyenne, for Appellee (Respondent).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General, for Appellant (Objector/Respondent).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

These cases arose out of the same worker's compensation administrative hearing and were consolidated by this Court for our review and decision. The hearing examiner denied permanent partial impairment benefits for Brenda Weaver (the claimant) and considered Cost Cutters' (the employer) request to have the final determination modified on the grounds of mistake or fraud. Both parties, along with the Wyoming Workers' Safety and Compensation Division (the division), petitioned the district court to review the hearing examiner's order. The district court certified these cases to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

We affirm in part, reverse in part, and remand.

## ISSUES

The claimant offers the following issues for our review:

1. Whether the decision of the Office of Administrative Hearings to deny permanent partial impairment benefits is supported by substantial evidence.

2. Whether the Office of Administrative Hearings erred when it failed to recognize and give effect to a rebuttable presumption that [the claimant's] impairment was not caused by a preexisting condition.

The division and the employer present the following issues for our analysis:

A. Did the Hearing Examiner improperly deny modification of past benefits at a hearing on an outstanding permanent disability claim in which the Division was unrepresented?

B. Was the Hearing Examiner's decision limiting modification of benefits for fraud or mistake to outstanding claims contrary to law?

## FACTS

The claimant worked for Cost Cutters as a cosmetologist. She claimed that she injured her back on July 29, 1994, when she slipped and fell at work while she was moving heavy boxes with a dolly. The claimant reported the accident to her manager on the day that the alleged fall occurred.

The employer's manager testified that the claimant was laughing while she was telling her about the fall and that the claimant indicated she did not need to go to a doctor. According to the manager, the claimant telephoned her later that evening to tell her: " 'I wasn't even going to go to the doctor until I thought about how sick I am of the company, and so I decided to go.' "

The claimant filed a claim for worker's compensation benefits on the day after she allegedly fell. In the injury report, she indicated that she had previously received medical treatment for a similar injury. The division reviewed the claim and awarded medical and disability benefits. The employer consented at that time to the division's determination.

After the claimant had received medical benefits for almost two years, the division issued a final determination, awarding permanent partial impairment benefits. The employer objected to the determination and requested a hearing. The employer claimed that the claimant's back injury did not result from the fall which allegedly had occurred while she was at work. The employer explained in a letter that, when the claimant began to work for the employer, she told the manager that she had recurring back problems. The employer also asserted that the claimant complained to co-workers and the manager about stomach and back pain which had been caused from her husband kicking her in the stomach. The hearing examiner scheduled a hearing to consider whether the claimant was entitled to receive permanent partial impairment benefits. The division elected not to participate in this hearing.

The employer submitted a second letter to the division, requesting that the final determination be modified on the grounds of mistake or fraud because the claimant suffered from a preexisting condition. The employer sought to have the claimant reimburse the division for the benefits which had been disbursed to her. The division issued a second final determination in which it denied all future benefits, stating that it made a mis-

take when it found that the injury was work related. The claimant objected to this determination and asked for a hearing to consider the modification of benefits issue. Although the claimant specifically requested that this issue be considered during the hearing which had already been scheduled to consider permanent partial impairment benefits, the hearing examiner scheduled a separate hearing for the modification issue. The division planned to participate in the modification hearing.

At the hearing on the permanent partial impairment benefits issue, the employer and the claimant were present. Evidence introduced by the employer to support the contention that the claimant had ongoing back problems prior to her alleged fall at work included testimony from the manager and a co-worker. The manager testified that, during the job interview, the claimant explained that she had a recurring back problem and would need time off to visit the chiropractor. The manager also stated that, before the claimant allegedly fell, she had missed several days of work because of back and leg problems.

The parties presented conflicting testimony about what occurred on the day before the claimant fell. The claimant's co-worker and the manager testified that the claimant told them her husband had kicked her in the stomach during a domestic dispute. They stated that the claimant appeared to be in a significant amount of pain. The claimant testified that her husband did not kick her in the stomach but, rather, that he kicked the screen door and the screen door hit her in the stomach. She stated that, after the door hit her, she was crying and her stomach was hurting but that she did not call the doctor. She also testified that she did not have pain in her back as a result of being hit by the screen door.

The employer offered the testimony of Roy Kanter, a neurologist who had reviewed the medical records and prepared a report on the claimant's condition. The doctor testified that he had reason to believe the claimant had back problems before she allegedly fell at work. He also testified that a hard kick to the stomach could have caused the claimant's

back problems but that he could not reasonably determine whether it was the fall or the kick which actually caused the back problems she had experienced since July of 1994.

During this hearing, the hearing examiner addressed the modification of benefits issue even though the division was not present. She denied permanent partial impairment benefits but concluded that the employer's request for a modification of the benefits which had already been paid to the claimant should not be granted. The claimant petitioned the district court to review the administrative action. The employer and the division petitioned the district court to review the portion of the decision which dealt with the modification of benefits issue. The district court certified these cases to this Court pursuant to W.R.A.P. 12.09(b).

## STANDARD OF REVIEW

When we are reviewing cases which have been certified to us pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to a reviewing court of the first instance. *Fansler v. Unicover Corporation*, 914 P.2d 156, 158 (Wyo. 1996). W.R.A.P. 12.09(a) limits judicial review of administrative decisions to a determination of the matters which are specified in Wyo. Stat. § 16–3–114(c) (1997). Section 16–3–114(c) provides in pertinent part:

(c) ... [T]he reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

. . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

. . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We will not adjust an agency's findings of fact unless they are clearly contrary to the overwhelming weight of the evidence. *Nelson v. Sheridan Manor*, 939 P.2d 252, 255 (Wyo.1997). We will not, however, grant the same deference to an agency's conclusions of law. *Id.* We affirm an agency's conclusions of law when they are in accordance with law. *Corman v. State ex rel. Wyoming Workers' Compensation Division*, 909 P.2d 966, 970 (Wyo.1996). When an agency has not invoked and correctly applied the correct rule of law, we correct the agency's errors. *Gneiting v. State ex rel. Wyoming Workers' Compensation Division*, 897 P.2d 1306, 1308 (Wyo.1995).

## DISCUSSION

### A. Burden of Proof

 The claimant contends that she met her burden of proving her injury arose out of and in the course of her employment. A worker's compensation claimant has the burden of proving every essential element of her claim by a preponderance of the evidence. *Cabral v. Caspar Building Systems, Inc.*, 920 P.2d 268, 269 (Wyo.1996). In meeting this burden, she must show that her injury arose out of and in the course of her employment while she was at work. WYO. STAT. § 27–14–102(a)(xi) (1997). Whether the claimant's injury occurred in the course of her employment is a question of fact. *Cabral*, 920 P.2d at 269.

 The hearing examiner's order denying permanent partial impairment benefits provided in pertinent part:

5. A review of the evidence in this case leaves this Office to conclude that Claimant has not met her burden of proving that her current injuries were the result of the July 29, 1994, slip and fall at Cost Cutters.

6. The only evidence presented on the issue of permanent partial impairment was a letter from Dr. Eric Young to the Workers' Compensation Division rating the Claimant's impairment at 23%. The letter states that Claimant is a person with surgically treated disk lesions with residual symptoms. There was no evidence presented that the 1994 slip and fall created the residual problems suffered by Claimant.... With Claimant's long history of preexisting neck, back, hip and left groin pain radiating into the leg and causing numbness, this Office is not persuaded that the Claimant's symptoms she had been suffering before the fall are not identical to the symptoms she now suffers.

. . . .

8. The Employer also submitted written and testimonial evidence from Dr. Kanter, a neurologist who completed a record review in this case. In accordance with his written report, Dr. Kanter testified that he could not state with a reasonable degree of medical certainty that Claimant's impairment was caused by the reported fall at work. He based his opinion on the lengthy history Claimant had with problems to her neck and back prior to the fall as well as the hard blow to the abdomen suffered by Claimant two days prior to the fall. Because of Claimant's significant history for the same or similar problems, she has failed to prove that her permanent rating was caused by her work-related accident....

The hearing examiner was in the best position to assess the credibility of the doctor's testimony and weigh the evidence presented at the trial and in the record. *Goddard v. Colonel Bozeman's Restaurant*, 914 P.2d 1233, 1237 (Wyo.1996). We will not substitute our judgment for that of the hearing examiner with regard to factual disputes. *Id.*

The claimant had not only the burden of proving that she suffered a permanent partial impairment but also the burden of proving that a causal relationship existed between the permanent partial impairment and a work-related injury. *Tenorio v. State ex rel. Wyoming Workers' Compensation Division*, 931 P.2d 234, 238 (Wyo.1997). She failed to present expert medical testimony to establish that her permanent partial impairment arose from a fall that occurred at work. The employer, on the other hand, presented signifi-

cant evidence to establish the possibility that the claimant's permanent partial impairment was the result of prior injuries to her back, leg, and neck or was caused by a kick to the stomach. We agree that the claimant failed to meet her burden of proof and hold that the hearing examiner properly denied permanent partial impairment benefits.

## B. Presumption That No Preexisting Condition Exists

■ The claimant asserts that, when the employer and the division approved the initial worker's compensation claim, they established that the injury was compensable. She claims that the compensable injury created a presumption that the permanent partial impairment was not due to a preexisting condition and that the burden of proof, therefore, shifted to the employer. She further maintains that the employer failed to meet this burden.

WYO. STAT. § 27–14–606 (1997) provides:

Each determination or award within the meaning of this act is an administrative determination of the rights of the employer, the employee and the disposition of money within the worker's compensation account as to all matters involved. No determination shall be final without notice and opportunity for hearing as required by this act.

Under this Court's interpretation of § 27–14–606 in prior cases, the claimant was required to prove that she was entitled to receive benefits for all outstanding or new claims despite previous awards which may have been made for the same injury. *Tenorio*, 931 P.2d at 239; *Martinez v. State ex rel. Wyoming Workers' Compensation Division*, 917 P.2d 619, 621 (Wyo.1996). We held that each award or claim was a separate matter for determination and that an employer could dispute any award or claim on the basis that it was unreasonable or improper. *Martinez*, 917 P.2d at 621. Specifically, an employer could question whether a claim was causally related to a compensable injury or it was attributed to some other event. *Id.*

Initially, neither the employer nor the division contested the compensability of the claimant's injury. The permanent partial impairment award, however, was a new and separate matter. *Id.* The hearing examiner properly separated the past claims from the future claims. The employer was entitled to dispute the permanent partial impairment award on the basis that the impairment was causally related to a preexisting condition and not related to an injury that arose out of and in the course of the claimant's employment. *Id.*

As we stated earlier in our discussion, the claimant had the burden of proving the essential elements of her claim by a preponderance of the evidence including the cause of her permanent partial impairment. *Cabral*, 920 P.2d at 269. We have already decided that the claimant failed to carry this burden and that the hearing examiner properly denied the benefits.

## C. Modification of Benefits

■ The employer and the division contend that the hearing examiner should not have addressed the modification of benefits issue at the permanent partial impairment benefits hearing because the division was not present and had not been given notice that this issue would be considered at that hearing.

The division may appear before a hearing examiner and defend against any claim and "shall in all respects have the same rights of defense as the employer." WYO. STAT. § 27–14–607 (1997). The Wyoming Administrative Procedure Act provides in pertinent part:

(a) In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice served personally or by mail . . . .

(b) The notice shall include a statement of:

· · ·

(iv) A short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved, and thereafter upon application a more defi-

nite and detailed statement shall be furnished.

WYO. STAT. § 16-3-107 (1997).

The hearing examiner scheduled two hearings to consider the claimant's benefits. She scheduled the first hearing to consider whether or not the claimant was entitled to receive permanent partial impairment benefits. She scheduled the second hearing to consider the employer's request to have the final determination modified on the grounds of mistake or fraud and the claimant reimburse the division for the benefits which had been disbursed to her. The division elected not to participate in the first hearing but planned to participate in the second hearing.

The hearing examiner failed to notify the division that she was going to address the modification of benefits issue during the permanent partial impairment benefits hearing. During the first hearing, she agreed to hear both issues and to enter an order on them despite the fact that she had scheduled a separate hearing to consider the modification issue. Without giving the division an opportunity to be heard, the hearing examiner decided that the division did not make a mistake and that fraud was not involved in this case. She concluded that a basis did not exist for modifying the awards already paid to the claimant.

At the permanent partial impairment benefits hearing, the claimant had the burden of proof. *Cabral,* 920 P.2d at 269. The division would have had the burden at the second hearing of proving that a mistake or fraud existed because it sought to modify a worker's compensation claim. *Martinez,* 917 P.2d at 621. Since the burden of proof was on the division with regard to the modification issue, the hearing examiner should not have considered that issue during the first hearing without affording the division the opportunity to be present to meet its burden.

Because the division's absence from the hearing foreclosed any opportunity to meet its burden of proof and to support its position, the portion of the hearing examiner's decision which addressed the modification issue was not in accordance with the law. Section 16-3-114(c)(ii)(A). We remand the case for a hearing to give the division an opportunity to be heard.

## CONCLUSION

We affirm the hearing examiner's decision to deny permanent partial impairment benefits and reverse that portion of the hearing examiner's decision which addressed the modification issue. We remand the case for further proceedings in accordance with this opinion.