979 P.2d 959 (1999)
In the Matter of the Worker's Compensation Claim of: Karen SELLERS, Appellant (Petitioner/Employee-Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent/Objector-Defendant.).
No. 97-199.
Supreme Court of Wyoming.
May 21, 1999.
*960 Michael D. Newman of Honaker, Hampton & Newman, Rock Springs, WY. Argument by Mr. Newman, Representing Appellant.
William U. Hill, Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General. Argument by Mr. Haggerty, Representing Appellee.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,[*] JJ.
LEHMAN, Chief Justice.
Appellant Karen Sellers injured her lumbar spine while exiting her work vehicle. Worker's Compensation Division (Division) denied Sellers' request for benefits, stating that exiting a vehicle is an activity of day-to-day living and, therefore, not compensable under § 27-14-102(a)(xi)(G) of the Worker's Compensation Act (Act). The hearing examiner agreed and denied benefits. Because we hold that an activity that is under the employer's control and direction does not constitute an activity of day-to-day living, we reverse the decision of the hearing examiner.

ISSUES
Sellers presents the following issues for our review:
Was the Office of Administrative Hearings' decision denying benefits arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?
Was the Office of Administrative Hearings' decision denying benefits supported by substantial evidence?
The Division states the issue:
The Employee injured her back while exiting a pickup truck while working. The Hearing Examiner found that exiting the truck was a normal activity of day-to-day living excluded from the definition of "injury."
A. Was the Hearing Examiner's decision supported by substantial evidence and in accordance with law?

FACTS
Sellers, an animal control officer for the City of Rock Springs, injured her lumbar spine while exiting her work truck on October 1, 1995. The next day, Sellers sought medical treatment. When Sellers requested medical and temporary total disability benefits, the Division denied her claim pursuant to Wyo. Stat. Ann. § 27-14-102(a)(xi) (Michie Cum.Supp.1994), stating that "[t]here was no injury or accident indicated on the accident report." Upon Sellers' request, the Division referred her contested case to the Office of Administrative Hearings (OAH), which held a hearing on July 23, 1996. At the hearing, Sellers' treating chiropractic expert testified with a reasonable degree of probability that "the immediate cause of [Sellers'] condition was, in fact, stepping out of the truck and jarring, twisting and jarring her back." The OAH denied benefits, finding that "`[i]njury' does not include . . . [a] ny injury resulting primarily . . . from the normal activities of day-to-day living," and "that the acts of entering and exiting a motor vehicle are normal activities of day-to-day living and, hence, any injuries arising therefrom are not compensable. . . ."
*961 Relying upon the recent decision in Cabral v. Caspar Bldg. Systems, Inc., 920 P.2d 268 (Wyo.1996), Sellers sought reconsideration. On December 18, 1996, the OAH held a hearing on Sellers' reconsideration motion and again denied her request for benefits, stating "[n]o medical evidence or other evidence was presented that showed some unique work related circumstance or event occurred when the Claimant was exiting the vehicle which could take the Claimant's injury out of an act of everyday living." Sellers appealed, and the district court certified the case to this court pursuant to W.R.A.P. 12.09(b).

STANDARD OF REVIEW
W.R.A.P. 12.09(a) limits judicial review of an agency's decision to those matters specified in Wyo. Stat. Ann. § 16-3-114(c) (Michie 1997). Everheart v. S & L Industrial, 957 P.2d 847, 851 (Wyo.1998). Section 16-3-114(c) states, in relevant part:
[T]he court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
. . .
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]
When reviewing an administrative decision, we will not defer to the agency's conclusions of law. Nelson v. Sheridan Manor, 939 P.2d 252, 255 (Wyo.1997). Conversely, we will defer to an agency's findings of fact as long as the agency's findings of fact comport with the evidence. Pederson v. State, ex rel. Workers' Compensation Div., 939 P.2d 740, 742 (Wyo.1997). We review a case under the arbitrary, capricious, an abuse-of-discretion, or otherwise-not-in-accordance-with-law standard when an agency decides that the party charged with the burden of proof has failed to meet that burden. Id.; City of Casper v. Utech, 895 P.2d 449, 452 (Wyo. 1995). The party with the burden of proof has the duty to prove a fact in dispute among the parties. Utech, 895 P.2d at 450. "We will reverse a determination that a claimant has failed to meet its burden of proof only if it is arbitrary, capricious, an abuse of discretion or not in accordance with law." Stuckey v. State, ex rel. Worker's Compensation Div., 890 P.2d 1097, 1099 (Wyo. 1995).
Under the Act, the burden to prove all the essential elements of the claim rests on the claimant. Martinez v. State, ex rel. Workers' Compensation Div., 917 P.2d 619, 621 (Wyo.1996). Once the claimant has satisfied this burden, the burden shifts, requiring the Division to produce evidence that the injury is excluded from the Act's coverage by Wyo. Stat. Ann. § 27-14-102(a)(xi)(G). To satisfy its burden, the Division is required to submit evidence showing that the claimant was injured while engaging in an activity of day-to-day living. Cabral, 920 P.2d at 270.

DISCUSSION

Defining "normal activities of day-to-day living"
The legislature amended § 27-14-102(a)(xi) in 1994 to exclude normal activities of daily living from the definition of injury and from coverage:
"Injury" means any harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:
. . .
(G) Any injury resulting primarily from the natural aging process or from the normal activities of day-to-day living, as established by medical evidence supported by objective findings.
The Division asserts the above language is unambiguous. However, the more reasonable conclusion is that the statute is unclear *962 inasmuch as it excludes "normal activities of day-to-day living" from coverage without defining what that phrase encompasses or including standards for its application. In defining the phrase "the normal activities of day-to-day living," we recently held the right-of-control test was the appropriate standard to determine whether the activity in question was a normal activity of day-to-day living. State, ex rel. Workers' Safety & Compensation Div. v. Sparks, 973 P.2d 507, 511 (Wyo.1999). If the employer has the right to control the employee's work environment, the details of the activity the employee was engaged in when injured, and the injury arises out of the employee's course of employment, then the "normal activities of day-to-day living" exception does not apply. Id. To hold otherwise would cause the Act to be devoid of any real coverage for workers injured on the job.

Application of Cabral
Contrary to the hearing examiner's conclusion, Sellers was not required to show that "some unique work related circumstance or event occurred when [Sellers] was exiting the vehicle which could take [her] injury out of an act of everyday living." The burden to prove that Sellers' injury came within the normal daily activity exception of Wyo. Stat. Ann. § 27-14-102(a)(xi)(G) rested upon the Division. "The plain language of this statute requires that medical evidence, which is supported by objective findings, be presented to establish that the claimant's injury resulted primarily from the normal activities of day-to-day living." Cabral, 920 P.2d at 270.
It is uncontested that Sellers was engaged in job-related duties when she injured her back while exiting her vehicle. Sellers satisfied her burden by providing evidence that she was injured while fulfilling her employment duties. The Division, however, offered no medical evidence to establish that Sellers' injury resulted primarily from the normal activities of daily living or to discount Dr. Arguello's testimony. The Division, therefore, failed to meet its burden to show that the injury was not work related. Merely stating that exiting a vehicle is an act of daily living is insufficient to satisfy the Division's burden of proof. The Division, in accordance with the right-of-control test, must present evidence to show that the activity in question is a normal activity of day-to-day living. Accordingly, we are bound to set aside the hearing examiner's decision since it misapplies and contradicts Cabral and is, therefore, not in accordance with law. Stuckey v. State, ex rel. Worker's Compensation Div., 890 P.2d 1097, 1099 (Wyo. 1995).

CONCLUSION
The hearing examiner erred in concluding that Sellers' injury was a normal activity of day-to-day living and, thus, excluded from coverage by Wyo. Stat. Ann. § 27-14-102(a)(xi)(G). Since Sellers' employer had the right to control the details of her work environment and direct her activities, the daily living exception is not applicable. Sellers satisfied her burden by proving her injury was compensable; the Division failed to meet its burden of producing evidence demonstrating that Sellers' injury resulted primarily from the normal activities of day-to-day living. Hence, Sellers' injury is covered by the Act, and the hearing examiner's decision was arbitrary, capricious, and not in accordance with law.
Reversed.
NOTES
[*] Chief Justice at time of oral argument; retired November 2, 1998.